## George Geisler, Appellant, v. B. B. Benken et al., Appellees.

### Gen. No. 9,463.

Opinion filed February 28, 1946. Rehearing denied May 7, 1946. Released for publication May 8, 1946.

C. C. WORTHY, of Hardin, for appellant.

S. L. MILLER and WILLIAM M. Cox, both of Hardin, for appellees.

MR. JUSTICE WHEAT delivered the opinion of the court.

This is an equity action to enforce an alleged liability of the defendants as stockholders and directors of the Bank of Brussels, an Illinois banking corporation. The circuit court found the issues in favor of the defendants and plaintiff appeals.

The original complaint was filed in the circuit court, April 10, 1943, and was followed by several amended complaints, the last of which charged, in substance, that on October 11, 1941, the plaintiff recovered a judgment against the Bank of Brussels in the circuit court of Calhoun county for the sum of $1,247.50 and

costs, which judgment was affirmed by the Appellate Court of the third district, October 29, 1942; that execution was issued out of the circuit court, December 28, 1942, and returned unsatisfied, March 29, 1943; that such bank, on April 13, 1939, found business unprofitable and had become financially embarrassed, at which time it disposed of its assets and discontinued business, being then insolvent; that at the time of the rendition of the judgment and at the time of the disposition of the assets, certain of the defendants were directors of such bank and had notice of such judgment, and certain of the defendants were stockholders of such bank, and prays judgment.

Defendants filed answers and documents designated as pleas, which, in substance, denied liability; charged that the judgment of October 11, 1941, in favor of plaintiff and against the bank was based upon a conveyance of real estate by the plaintiff to such bank, on February 25, 1937, and upon the refusal of the bank, on a date approximately two weeks thereafter, to reconvey such property to the plaintiff; that any right of action which plaintiff had against defendants as stockholders or directors accrued at that time and not later than about March 12, 1937; that more than five years elapsed between March 12, 1937, and the commencing of the suit on April 10, 1943, by reason of which, said action was barred by the five year statute of limitations; that any such right against the defendants as stockholders was also barred by an Act providing for a one year statute of limitations in favor of bank stockholders, approved April 22, 1941, in force July 1, 1941.

The cause was heard upon stipulations and proof in open court, from which no serious disagreement as to the facts appears between the parties. We do not have the benefit of the opinion of the trial court, and the briefs of the parties might have been made more helpful.

As to whether the action against the stockholders is barred by either statute of limitations, it is necessary to determine the date when such limitations began to run, *i.e.*, whether such date was March 12, 1937, when the bank refused plaintiff's demand to reconvey certain real estate, or on October 11, 1941, being the date the circuit court entered judgment against the bank, or on October 29, 1942, being the date such judgment was affirmed by the Appellate Court.

The general rule seems to be that the right of action against a stockholder of a banking corporation arises at the same time as his right of action against the corporation. (*Burnett v. West Madison State Bank*, 375 Ill. 402.) However, in this and other cases therein discussed, the right of action was based upon a contract, express or implied, and did not grow out of a tort.

We find only one Illinois case seeming to hold that the same rule is applicable to tort actions, that of *Boor v. Tolman*, 113 Ill. App. 322. A careful reading of the opinion in this case, however, discloses that the court decided the case upon the invalidity of proceedings in 1872 to consolidate the banks there involved. Said attempt to consolidate was prior to the time when plaintiff's claim accrued and prior to the entry of any judgment thereon. After considering the invalidity of the consolidation proceeding, the court went on to say that the holding in favor of the stockholder could also be supported on the ground that the liability sought to be enforced accrued "when the cause of action arose upon which the judgment was founded" and not when the judgment was entered. No cases were cited in support of this latter statement and the only case in which this opinion has been cited on this point appears to be *Anderson v. Hillmer*, 15 F. Supp. 459, which involved a contractual creditor who had not yet reduced his claim to judgment.

We consider the better rule to be that stated in *Cohen v. Toy Gun Mfg. Co.*, 172 Ill. App. 330,

wherein the court stated that a tort claim prior to judgment was not enforceable against stockholders and that a tort claim was not a "debt" prior to judgment. Although that case did not involve stockholders of a banking corporation, the statute under which liability was sought to be imposed was similar to the liability created by the Constitution and Banking Act, and we believe the rule applicable to the instant case. This being true, it follows that no cause of action on a tort claim can arise as to stockholders prior to judgment against the corporation, and that the limitation period in such cases begins to run upon the entry of the judgment against the corporation.

Plaintiff urges that the limitation period in the instant case did not begin to run until October 29, 1942, being the date the Appellate Court affirmed the judgment of the circuit court. This is not the law in Illinois, as the mere pendency of an appeal does not postpone the commencement date of the running of the statute. (*Peoria County Board of Sup'rs v. Gordon,* 82 Ill. 435.)

Our conclusion, therefore, is that the period of limitation commenced to run on October 11, 1941, being the date the circuit court entered judgment against the bank, and since the complaint in this case was filed April 10, 1943, it is apparent that the five year statute of limitations is not a bar.

Defendants urge, however, that secs. 6a, 6b and 6c of ch. 16½, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 10.55–10.57], provide a one year limitation as to actions to enforce the stockholders' liability of a banking corporation. This amendment to the banking Act became effective July 1, 1941, and sec. 6a (5) provides:

" . . . references to a bank liability 'hereafter accruing' or 'which shall hereafter accrue' are to a liability accruing after the effective date of this Act;"

Sections 6b and 6c of the Act provide as follows:

"6b. LIMITATION OF ACTIONS TO ENFORCE SUPERADDED LIABILITIES OF STOCKHOLDERS. § 2. After the effective date of this Act no civil action shall be commenced in any court within this State, by a creditor or on behalf of creditors of any bank, to enforce any of the hereinafter described superadded liabilities of any stockholder of such bank, unless such action be commenced within one year next after

(a) the effective date of this Act, (1) insofar as such action may be based on any existing bank liability which has or shall have matured into a cause of action against such bank at or before the effective date of this Act and which shall not then be barred by a statutory limitation heretofore applicable to such liability, and (2) insofar as such action may be based on any existing bank liability payable on demand, if the right to make such demand be complete at the effective date of this Act;

(b) the time when the right to make demand for payment of any bank liability payable on demand shall become complete, (1) insofar as such action may be based on any existing bank liability payable on demand, if the right to make such demand be not complete at the effective date of this Act, and (2) insofar as such action may be based on any hereafter accruing bank liability payable on demand;

(c) the fixed future time when any liability, of such a bank, payment of which cannot be enforced against the bank until a fixed future time after the effective date of this Act, shall be payable without demand, insofar as such action may be based on any liability of the bank which shall be so payable by the bank at a fixed time after the effective date of this Act, whether that bank liability (1) be in existence at the effective date of this Act or (2) shall accrue thereafter;

(d) the time when the bank's liability shall hereafter accrue, insofar as such action may be based on any hereafter accruing bank liability of a kind that

matures into a cause of action against the bank at the same time that the bank's liability accrues;

(e) the earliest time after the effective date of this Act at which a creditor of a bank shall have it within his power to complete every step necessary to entitle him to commence action against the bank to enforce the payment of any bank liability of a class other than the classes of bank liabilities to which specific reference has heretofore been made in this section, insofar as such action may be based on any bank liability of such other class.

6c. APPLICATION OF SECTION 6b. § 3. The provisions of section 2 of this Act shall apply to every such civil action against any such stockholder based on any bank liability in existence at the effective date of this Act as well as to every such civil action against any such stockholder based on any bank liability which shall accrue after the effective date of this Act.''

The provisions of this Act are applicable to the instant case and provide a limitation period of one year in which action may be brought to enforce the stockholders' liability. In this case, the commencement period of the limitation Act was October 11, 1941, being the date of the circuit court judgment against the bank, and the suit not having been commenced until April 10, 1943, the statute is a complete bar to the action against the stockholders.

■ The sole charge of liability against such defendants as were directors is based upon ch. 32, par. 157.42, subpar. (c), Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 32.042, subpar. (c)], as set forth in plaintiff's brief and argument. This paragraph provides that directors who vote for, or assent to, distribution of assets of the corporation to shareholders after the filing by the corporation of a statement of intent to dissolve, without adequate provision for, or payment of debts and liabilities of the corporation, shall incur

liability to the creditors damaged thereby. The complaint does not charge, nor does the proof show, any distribution to the shareholders of the bank of any corporate assets, so that this section has no application. The proof, on the contrary, shows that the assets were transferred to the Federal Deposit Insurance Corporation.

For the reasons above stated, we hold that no actionable liability of the defendants as stockholders or directors has been established. The decree of the circuit court is affirmed.

*Affirmed.*