Fairfield Savings & Loan Association, Appellee, v. Central National Bank in Chicago, as Trustee, Jerome Cinman, and Phyllis Cinman, Impleaded, Appellants.

Gen. No. 47,364.

First District, Second Division.
November 25, 1958.
Released for publication December 16, 1958.

466

Abraham Teitelbaum, of Chicago, for appellants.

Sullivan, Jeffers & Doheny, Charles F. Grimes, and Daniel S. Wentworth, all of Chicago, for plaintiff-appellee.

JUSTICE MURPHY delivered the opinion of the court.

This is an appeal from a decretal order, denying a petition filed June 17, 1957, by Jerome Cinman and Phyllis Cinman, his wife, owners of an equitable in-

terest, seeking to redeem real estate from a mortgage foreclosure sale held on December 15, 1955.

On February 2, 1956, the chancellor entered a decree (1) approving the sale, and (2) entering a deficiency decree of $775.30. On February 20, 1956, the chancellor approved a $1,000 appeal bond and ordered: "that said bond operate as supersedeas with respect to the matters therein set forth; and that the notice of appeal of Jerome Cinman shall operate as supersedeas in this cause." The appeal was perfected, and this court affirmed the decree on February 27, 1957. Fairfield Savings and Loan Assn. v. Central Nat. Bank, 13 Ill. App.2d 133.

The petition to redeem alleges that "approximately eleven months elapsed during said appeal, and that the said time should be excluded from the running of the period of redemption, and hence petitioners have the legal right to still redeem said premises."

■■ We do not agree with petitioners' contention that the instant appeal involves a freehold, and that it is the duty of this court to transfer this cause to the Supreme Court. (Stevens v. Stevens, 14 Ill.2d 99 (1958).) It is the general rule that bills to redeem do not ordinarily involve freeholds, because the plaintiff, if successful, may, by the payment of money necessary to discharge the lien, prevent the decree from being so executed as to divest him of his freehold, this being the same rule as that in mortgage foreclosure sales. (Sanford, et al. v. Kane, 127 Ill. 591 (1889).) Here, the only controversy between the parties was the asserted right of redemption, which the chancellor denied. Had the petition been granted, petitioners would merely have been given the right to redeem from the sale, and the gain or loss of a freehold would not be the necessary result of the decree but would depend upon the subsequent act of the party whose right to redeem was determined. A decree in favor of a party

claiming a right of redemption merely establishes a right to redeem, of which he may or may not avail himself, and it does not involve a freehold. (Ziegler v. Perbix, 380 Ill. 264 (1942); Streator Federal Savings & Loan Ass'n v. Benckendorf, 413 Ill. 280 (1952); People v. Hess, 7 Ill.2d 192 (1955).) We believe the instant case falls squarely within the above rule.

■ The principal question is, did the supersedeas bond and order entered February 20, 1956, suspend or stay the running of the statutory period of redemption during the pendency of the appeal from the order approving the master's sale, despite paragraph 18 of the Judgments and Decrees Act (Ill. Rev. Stat. 1955, ch. 77, § 18) which provides that any person interested in the premises may redeem the real estate sold *within twelve months from the date of the master's sale?* We do not think so.

■ Petitioners' authorities confirm the general operation and effect of a supersedeas, that its object and effect are to stay further proceedings and not undo what is already done. It does not, like a reversal, annul the judgment or decree itself. (People ex rel. Finn v. David, 328 Ill. 230, 234 (1927).) In Gumberts v. East Oak St. Hotel Co., 404 Ill. 386 (1949), it is said (p. 389):

"The *supersedeas* operates against the enforcement of the judgment and not against the judgment itself. Its purpose is accomplished by staying all further proceedings . . . until the appeal is disposed of by the court of review . . . On the other hand, a *supersedeas* operating only against the enforcement of a judgment and not against the judgment itself, the rule is that a self-executing judgment is not affected by a *supersedeas*. 3 Am. Jur., Appeal and Error, sec. 540."

■ Attempts to redeem from foreclosure sales are frequent and are favored. It is a statutory right

469

of redemption after the foreclosure sale and is entirely independent of the decree. It is the statute that gives the right and not the decree. No action of the court is necessary to confer it on the parties entitled, and no action of the court can take it away. (The Illinois National Bank of Springfield v. Gwinn, 390 Ill. 345, 352 (1945).) This right, in the absence of an agreement, ordinarily cannot be exercised unless within the period of time provided by statute. Upon the expiration of such period, all redemption rights of the mortgagor, and those claiming under him, are terminated. Even minors or persons under physical or mental disability are not entitled to redeem thereafter. There may be an exception, however, where the fraud or improper acts of the purchaser have in some way prevented the redemption. Skach v. Sykora, 6 Ill.2d 215, 219 (1955); 27 I.L.P., Mortgages, § 551.

■ ■ It is conceded that redemption statutes should be liberally construed. However, the only legitimate function of the courts is to declare and enforce the law as enacted by the legislature, to interpret the language used by the legislature where it requires interpretation, and not to annex new provisions or substitute different ones, or read into a statute exceptions, limitations or conditions which depart from its plain meaning. Belfield v. Coop, 8 Ill.2d 293, 306 (1956).

It is true, as argued by petitioners, that the Federal Soldiers' and Sailors' Civil Relief Act of 1940 extended the redemption period by providing that no part of a person's military service occurring after October 6, 1942, should be included in computing any period allowed by the law for the redemption of real estate sold to enforce any obligation. That effect was confirmed in the Illinois National Bank of Springfield v. Gwinn, 390 Ill. 345, but the court said, on p. 354:

470

"This provision of the Federal statute must be regarded as written into our own statutes of redemption and, in effect, amending such statutes by giving additional time for redemption in certain cases. . . . it was not the intention of Congress to make it discretionary with the court whether, under the facts of a particular case, an extension of time for redemption should be had."

The instant petition is not based on any such legislation.

 The Illinois courts have held that the mere pendency of an appeal does not postpone the commencement date of the statute of limitations. (Geisler v. Benken, 328 Ill. App. 357, 361 (1946).) We believe this rule applies to the statutory redemption period.

 Petitioners claim that the original decree of foreclosure was interlocutory, because the court retained jurisdiction of the subject matter, with the right to enter such "other or further" orders as it might see fit, and therefore the decree confirming the sale gave finality and appealability for the first time to the prior decree of foreclosure. We do not agree. Decrees of foreclosure have been held to be final decrees, even though the court retained jurisdiction for the enforcement or carrying into execution of the decree, as in the instant case, and the subsequent report and confirmation of the sale would be merely a mode of enforcing the rights of the creditor. Kirby v. Runals, 140 Ill. 289 (1892); Chicago & N. W. R. Co. v. Chicago, 148 Ill. 141 (1893); Kemper v. Weber, 318 Ill. 494 (1925).

We believe the foregoing conclusions dispose of all other contentions. The supersedeas order did not affect or stay the running of the statutory period of redemption during the pendency of the appeal from the

decree confirming the master's sale. Therefore, the order of the trial court is affirmed.

Affirmed.

LEWE, P. J. and KILEY, J., concur.