Sager Glove Corporation, an Illinois Corporation, Plaintiff-Appellant, v. Continental Casualty Company, an Illinois Corporation, Defendant-Appellee.

Gen. No. 11,608.

Second District, Second Division.

October 17, 1962.

William C. Wines and Richard C. Yocom, of Chicago, for appellant.

Cecil E. Magid, of Chicago, for appellee.

SPIVEY, J.

The instant action is a suit on fidelity bonds issued by the defendant. An appeal was taken from a judgment of the Circuit Court of Kane County, which order dismissed the plaintiff's complaint on a motion to dismiss supported by affidavit.

Originally, a suit on the fidelity bonds was filed in the Superior Court of Cook County. This original suit was dismissed upon a finding that plaintiff repeatedly failed to comply with the order of the Superior Court of Cook County to produce records and to submit its president for depositions. The suit was dismissed on

December 2, 1957. Thereafter, a motion to vacate the order of dismissal was filed on December 13, 1957, the motion was denied. A second motion to vacate the dismissal was filed and denied on January 14, 1958. On February 7, 1958, notice of appeal to the Appellate Court for the First District was filed and subsequently an appeal was duly taken and the judgment of the Superior Court affirmed on December 23, 1958. Sager Glove Corp. v. Continental Cas. Co., 19 Ill App 2d 568, 154 NE2d 833. Rehearing was denied on January 13, 1958, and leave to appeal to the Supreme Court was denied on May 20, 1959.

Thereafter, on February 1, 1960, this suit was filed in Kane County. The complaint as amended, alleged the same cause of action as in the first suit and alleged also that it was brought "pursuant to Section 24(a) of Chapter 83, of the Illinois Revised Statutes."

Plaintiff relies upon Section 24a of the Limitations Act, which provided that,

"In any of the actions specified in any of the sections of this Act, or in any contract where the time of commencement of any action is limited, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; *or if the plaintiff be non suited,* then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after." (Emphasis ours.) (Ill Rev Stats 1959, c 83, § 24(a).)

At the time the original suit was dismissed on December 2, 1957, the statute did not contain the following language, "or in any contract where the time

297

of commencement of any action is limited." This language was added in 1959, but prior to the filing of the second suit on February 1, 1960. Plaintiff claims that the 1959 amendment is applicable to the instant case even though it was not in effect when the suit was dismissed, and it is agreed by the parties that without the language added by the 1959 amendment, the statute could not afford the plaintiff any relief in the instant situation.

Attached to the complaint was the fidelity bond which provided that any suit on the bond must be commenced within fifteen months after discovery of any fraudulent or dishonest act on the part of any employee of the insured. It is agreed that the dishonesty was discovered on July 16, 1953, and that the limitation of the policy was operative except for the claimed exception of the statute cited.

Defendant in its motion to dismiss the complaint contends (1) that the judgment of the original action is res judicata of the issues and (2) even if the first judgment was not res judicata the second suit was not filed within one year after the judgment in the first action, and thus plaintiff has failed to bring itself within the conditions of the statute. As against these contentions, the plaintiff contends that the year does not begin to run until the exhaustion of all its rights of appeal, and contends that the judgment of the Superior Court of Cook County was a non suit and not res judicata.

After dismissal by the Circuit Court of Kane County, the plaintiff took an appeal to the Supreme Court of Illinois, and to support an appeal to that Court, claimed that the trial court's order found that the above cited statute as amended in 1959 impaired defendant's obligation of contract and that the statute was unconstitutional. On January 8, 1962, the Supreme Court in an order found that the cause had

298

been wrongfully appealed to that court and ordered the cause to be transferred to this court.

In order for the plaintiff to prevail in this litigation, it is essential that this Court find that this suit was filed within one year after judgment was given against the plaintiff. Failing in this, a discussion of the other issues raised would serve no purpose. We have concluded that the suit was not refiled in time and that the judgment of the Circuit Court of Kane County should be affirmed.

According to the language of the statute, there are two times when a new action can be filed within a year. One instance is where there is a reversal of a judgment against the plaintiff. Such is not the case here, for here, the appeal resulted in an affirmance of the judgment for the defendant.

▆ The other time when a suit may be refiled within a year is after judgment is given against the plaintiff. The statute specifically refers to a judgment given against the plaintiff rather than an affirmance of a judgment against the plaintiff. Plaintiff would have us construe the statute which states ". . . judgment given against the plaintiff" to mean ". . . judgment affirmed against the plaintiff." The language used by the legislature is clear and does not admit of construction. There is no ambiguity present and construction would not be proper. Streator Tp. High School Dist. No. 40 v. County Board, 14 Ill App 2d 251, 144 NE2d 531; Fairfield Sav. & Loan Ass'n v. Central Nat. Bank, 19 Ill App2d 465, 154 NE2d 333.

In the event the judgment of the Superior Court against the plaintiff was reversed then it seems clear that the plaintiff would have another year in which to commence a new action. However, where there is an affirmance there is no language to indicate a legislative intent to extend more time than a year from the entry of the judgment.

299

■ ■   In order to reach the conclusion that this suit was timely refiled, we must find that by taking an appeal from the first judgment, the running of the Limitations Act was delayed by the plaintiff's appeals. Such a conclusion is not indicated by the plain meaning of the statute, nor do we find judicial support for this contention, in the reports of this state.

Assuming only that the plaintiff was entitled to the benefit of the statute, the statute was obviously one of limitation. The appeal taken by the plaintiff in the original action did not extend the time in which the new suit should have been filed. "The Illinois courts have held that the mere pendency of an appeal does not postpone the commencement date of the statute of limitations." Geisler v. Benken, 328 Ill App 357, 361, 66 NE2d 313; Fairfield Sav. & Loan Ass'n v. Central Nat. Bank, 19 Ill App2d 465, 154 NE2d 333.

The instant factual situation is different from the circumstances the courts will most frequently meet in the application of this statute. In the usual case, the action will have been dismissed after the effective date of the statute and the litigant will then have his choice of taking an appeal or filing a new suit. In the present case, however, the plaintiff contends for a retrospective application of a statute which was not in existence at the time of the dismissal, or the affirmance of the dismissal. Even if the statute was to be applied retrospectively, absent the manifestation of legislative intent, we cannot give the statute two separate and inconsistent interpretations. We conclude that the statute gives a litigant under certain stated circumstances, the opportunity to refile a suit within one year. Also available is the remedy of appeal. A litigant, in a proper case, may choose to use both remedies, but each must be exercised within the time prescribed by statute and neither is dependent or extended by use of the other.

It cannot be said that this interpretation is harsh or unjust. A litigant may choose one or both courses of action. If an appeal is chosen and suit is not re-filed within a year, should the judgment appealed from be affirmed, then the litigant has played and lost. "Where one has a choice of remedies, the fact that he selects one remedy does not toll limitations as against an action based on another remedy." 54 CJS Limitations of Actions § 247.

Neither party to this litigation has called to this Court's attention any decisions of any jurisdiction on this particular point. Our research has indicated that the point has not been passed upon in Illinois, but that like questions have been considered in many other jurisdictions. These other opinions are valuable but not determinative. There exists two lines of authority. As might be expected, one group of jurisdictions holds that the time consumed in appeal is not considered in computation of the period of limitations. The other theory is that the statute commences to run after judgment is first given, rather than affirmed. The writers have concluded that the former is the majority view but concede that the use of the terms "minority view" or "majority view" are not meaningful in this instance since in each jurisdiction the Courts are dealing with the interpretation or construction of a statute. Under such circumstances, a court cannot be persuaded by a desire to adopt that view which is in accord with a "majority view" but rather, must be persuaded by the intent of the legislative expressed in the statute.

The case of State v. Hart Refineries, 109 Mont 140, 92 P2d 766, is one of the leading cases on this area of inquiry. There a judgment was given and an appeal thereafter taken. The judgment of the trial court was affirmed. More than ten years after the judgment in the trial court but less than ten years after affirm-

ance, the plaintiff brought an action to renew the judgment under a statute allowing such action to be filed within ten years of the judgment. The suit was dismissed as not having been brought in time. The Court said, "Under our statute there is no exception that extends the time for bringing an action on a judgment so as to permit exclusion of the time when appeals were pending or when a supersedeas bond was in effect. If the legislature so intended it would have so provided."

Further the Court said, "The statute does not say a 'final judgment.' Certainly a judgment appealed from is still a judgment and remains one until reversed or set aside on appeal."

In Shaw v. Addison, 18 NW2d 796, an Iowa case, a petition to set aside a judgment was filed more than one year after judgment in the trial court, but less than one year after the affirmance of the judgment of the trial court. A statute required the motion to set aside the judgment to be filed within one year. The court held that, "The judgment which he seeks to set aside was entered more than one year before his petition was filed. The statute provides that his petition shall be filed within one year after the judgment was entered which he seeks to disturb by this proceeding. This ends the matter and leaves plaintiff without any right to prosecute his case."

In the case of Shepard v. Lanier, 192 Tenn 608, 241 SW2d 587, a Tennessee case, a statute provided that actions on judgments must be commenced within ten years after the cause of action accrued. Within ten years after the judgment of the trial court was affirmed, but more than ten years after the judgment was given in the first instance, a suit was filed on the judgment. The suit was dismissed. The court in an exhaustive opinion said, "It is our conclusion after a very thorough investigation, much thought and study that the Statute of Limitations involved runs from

the time of the entry of the judgment in the Circuit Court and that when appealed and affirmed by the Court of Appeals that this does not toll the Statute."

Finally, the case of Peoria County v. Gordon, 82 Ill 435, is some authority for the position that we take in this case. In that case, there was a certain similarity between the statute there considered and the statute involved in the instant case. There, the statute provided in part, "All actions founded upon any . . . judgment shall be commenced within sixteen years after the cause of action accrued, and not thereafter." A suit founded on the judgment was commenced more than sixteen years after the judgment but less than sixteen years after the dismissal of an appeal filed in the case. The court said, "The statute itself is silent as to what shall be the effect upon the judgment of taking the appeal or giving the appeal bond. It does not vacate the judgment. . . . The judgment of the Circuit Court, then, remained all the while, from the time of its rendition, a judgment of that Court, undiminished in its binding force; and the affirmance of it in this Court was but a determination that it was a valid judgment."

The court concluded that the appeal did not toll the running of the statute and that the statute of limitations was a bar to the action.

These cases are not cited as controlling for as we have said, there is no case which has passed on this particular statute. We cite these cases because of apparent similarities in the statutes involved in these cases and the statute here. We believe that the reasoning of the courts is applicable to the problem presented to this Court. For these reasons, the judgment of the Circuit Court of Kane County is affirmed.

Judgment affirmed.

WRIGHT and CROW, JJ., concur.