Calumet Federal Savings & Loan Association of Chicago, a Corporation of the United States of America, Plaintiff-Appellant, v. Robert P. Markman, et al., Defendants-Appellees.

Gen. No. 49,327.

First District, Fourth Division.

July 15, 1964.

Mortimer, Ryan, and McKay & Hoffman, of Chicago, for appellant.

Irving J. Jacobson, of Chicago, for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

The plaintiff, Calumet Federal Savings & Loan Association of Chicago, appeals from an order denying its motion to vacate an order entered in the Circuit Court of Cook County on the 25th day of April 1963, modifying the decree of foreclosure entered in the same court on January 17, 1963.

It appears from the record that at the time of the commencement of the mortgage foreclosure action ten separate mortgages encumbering ten separate parcels were sought to be foreclosed. Subsequently, and while the suit was pending, the foreclosure action was terminated insofar as it related to eight of the ten parcels. The plaintiff proceeded with its foreclosure of the mortgages on the remaining two parcels. The defendants defaulted and a hearing was had before a

master in chancery who, on January 17, 1963, filed a transcript of proceedings together with his report. That report contained a recommendation that the plaintiff, in addition to the mortgage indebtedness owing on each of the two parcels, should be allowed the sum of $3,750 on each parcel at attorney's fees.

Following the filing of the report a decree of foreclosure was entered by the court on January 17, 1963. The decree followed the recommendation of the master and allowed a total of $7,500 in attorney's fees covering both parcels. The master also found that at the time of the foreclosure there remained due and owing of the original indebtedness $16,893.89 on one parcel and $20,663.31 on the other parcel. The property was sold at a master's sale in accordance with the decree of foreclosure and the sum of $49,750 was realized from the sale of both parcels. Accrued interest, taxed costs, and the expenses of the master's sale totaled $7,740.86. This amount, added to the attorney's fees allowed of $7,500 and the unpaid balance of the original indebtedness of $37,557.20, gives the sum of $52,798.06 as the total amount due and owing to the plaintiff, and the proceeds of sale being insufficient to satisfy this indebtedness, a deficiency judgment totaling $3,048.06 was assessed against Robert P. Markman. Should the allowance for attorney's fees be reduced—and it will appear in the course of this opinion that they were reduced by the trial court to $5,000 for both parcels—then it follows that the deficiency judgment is thereby reduced in an equivalent amount; that is, from $3,048.06 to $548.06. An order was entered in the Circuit Court of Cook County on March 14, 1963, approving the master's report of sale, together with the deficiency.

On March 15, 1963, one of the defendants filed a petition in which she set out, among other things, that the total amount foreclosed in the instant case was $37,000, and that the fees recommended in the schedule

of the Illinois and Chicago Bar Associations would not exceed $2,500; and that on or about February 28, 1963, she first learned that the master had recommended that a deficiency judgment be assessed against the petitioner. In the petition the statement is made that during the pendency of the foreclosure the plaintiff's attorney had received substantial fees in connection with the refinancing of six parcels of property originally made a part of the plaintiff's complaint for foreclosure, and that "the Plaintiff's attorney had a verbal agreement with Robert Markman, one of the Defendants herein, to charge and accept a fee of $950 for each parcel of the property so that the total for the two within properties would be $1900." The defendant prayed that the report of sale be amended to include a fair and reasonable attorney's fee and that the recommendation for a deficiency judgment be denied and "for such other and further relief as may be equitable."

On March 19, 1963 the plaintiff filed a document entitled "Motion to Strike and Dismiss Petition." An examination of the document indicates that it is an answer to the petition denying various allegations therein made.

On April 25, 1963 the court entered an order in which it was stated that "the Court having heard the argument of counsel and being fully advised in the premises," ordered that the decree of foreclosure heretofore entered be modified by reducing the attorney's fees from $3,750 per parcel to the sum of $2,500 per parcel, or a gross fee of $5,000, and that the deficiency judgment on both parcels thus be reduced to $548.06.

On June 20, 1963 the court entered an order which recited: "On motion" of the "attorneys for Calumet Federal Savings & Loan Association of Chicago, plaintiff herein, for vacation of the order entered on April 24, 1963 [sic], whereby the Decree of Foreclosure heretofore entered herein was modified regarding attor-

433

ney's fees" and the deficiency judgment, and "the Court being fully advised in the premises having heard counsel in open Court," denies the motions.

■ On July 18, 1963 the plaintiff filed a notice of appeal from the order of the court denying the plaintiff's motion to vacate the order modifying the decree of foreclosure. We could have properly struck plaintiff's record and abstract and dismissed the appeal on our own motion because of the violation of practically every rule with reference to records and abstracts. The record is not paged as provided in Supreme Court Rule 36, nor is the record arranged in chronological order in accordance with the same rule. The abstract fails to set out any dates on which any orders were entered; nor does it set out in proper form the order or orders appealed from. However, we will consider the case on its merits.

The plaintiff here urges that the decree of foreclosure which was entered in the trial court was a final order and that the motion made by the defendants to modify such decree was of necessity made under section 72 of the Civil Practice Act. In support of his position the plaintiff relies upon Fairfield Sav. & Loan Ass'n v. Central Nat. Bank, 19 Ill App2d 465, 154 NE2d 333. That case grew out of a foreclosure suit in which on February 2, 1956 a decree had been entered in the trial court approving the sale and entering a deficiency decree. On February 20, 1956 an appeal bond was approved which provided that it should act as a supersedeas. The appeal was perfected and the Appellate Court rendered a decision on February 27, 1957 in Fairfield Sav. & Loan Ass'n v. Central Nat. Bank, 13 Ill App2d 133, 140 NE2d 739. In that case the court states in its opinion that a decree of foreclosure had been entered in the trial court, based on the report of the master after hearing. No appeal was taken from that decree. Subsequently,

after the sale the trial court entered a decree approving the sale. The defendant filed objections to the latter decree. No report of proceedings was filed in the case and the court holds that the recital in the decree, that the master had proceeded in due form of law, was controlling. [Citing cases.] The court, after finding that the rights of the parties must be determined as of the time of the entry of the decree approving the master's report of sale and distribution, affirmed the decree. After that appeal and the affirmance of the decree the defendant filed a petition to redeem, alleging among other things that approximately 11 months had elapsed during the appeal, and that the time should be excluded from the running of the period of redemption. In its opinion in 19 Ill App2d 465, the Appellate Court held that the supersedeas in the first case did not toll the expiration of the redemption rights of the mortgagor. The court also held that the original decree of foreclosure was a final decree even though the court retained jurisdiction for the enforcement, or carrying into execution, of the decree as in the instant case; and it was further held that the subsequent report and confirmation of the sale would merely be a mode of enforcing the rights of the creditor. In support of that conclusion the court cited certain cases, including Chicago & N. W. Ry. Co. v. City of Chicago, 148 Ill 141, 35 NE 881, where the court says: ". . . a decree of foreclosure and sale has been held to be final, and the subsequent report and confirmation of the sale to be merely a mode of enforcing the rights of the creditor."

In our reports we find many cases which define what is meant by a final judgment, and in Groves v. Farmers State Bank of Woodlawn, 368 Ill 35, 45, 12 NE2d 618, 623, the court says: "A decree may be final and appealable even though it reserves incidental matters for consideration." And in People ex rel. Russel

v. Illinois State Bank of Crete, 312 Ill 613, 144 NE 327, the court says:

> "While this court has not decided the precise question presented, it has repeatedly held that a final decree is not necessarily the last order in a case, and that any order which finally fixes the rights of the parties is final and appealable."

The opinion in the Fairfield case was handed down November 25, 1958. On March 20, 1958, the Illinois Supreme Court handed down its opinion in Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787. That case, for the first time, called to the attention of the bar section 50(2) of the Civil Practice Act (Ill Rev Stats 1957, c 110, § 50(2)). That section of the statute provides as follows:

> "(2) If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. *In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties.*"
> (Emphasis added.)

In the Ariola case a decree was entered in the trial court that the plaintiff was entitled to certain damages for being deprived of her easement rights; and the decree further provided that the cause should be re-referred to the master for the purpose of ascertaining

such damages, with directions to report the same to the court. The appeal was taken from that decree. The court in dismissing the appeal discusses section 50(2) of the Civil Practice Act, and says at 13 Ill2d 206:

". . . The language of section 50(2), as well as the comments of the committee which drafted it, indicate that a flexible and reasonable meaning was intended for the 'claims' to which the section refers. The section itself speaks in terms of a final judgment or decree that adjudicates less than 'all the claims *or* rights and liabilities,' (emphasis supplied,) and upon two occasions the advisory committee comments that its provisions are to take effect when there is a final judgment adjudicating fewer than 'all the matters involved.' (Smith-Hurd Anno Stats, Perm Ed chap 110, sec 50(2), Joint Committee Comments.) . . .

". . . Looking to the purpose of the section, in light of the committee's comments, we are of the opinion that section 50(2) was intended to apply wherever a final judgment or decree determines fewer than all the rights and liabilities at issue, and that a case such as the present is the very case for which the section was designed. . . ."

In Smith v. Hodge, 13 Ill2d 197, 148 NE2d 793, a judgment was entered in the trial court in which the court quashed a writ of attachment but left open for determination the primary question of liability. The court dismissed the appeal. In Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792, the trial court resolved with finality the title to certain real property as between the plaintiff and defendant, re-referred the cause to the master to take evidence relative to an accounting between the parties. The court, under section 50(2) of

the Civil Practice Act, dismissed the appeal. In Getz-elman v. Koehler, 14 Ill2d 396, 152 NE2d 833, a decree for partition of real estate was entered in the trial court. Commissioners were appointed to make the partition. The court thereupon entered a decree confirming the report of the commissioners partitioning the real estate and re-referred the cause to a master for a hearing as to the distribution of fees and expenses and as to rents due, if any. The master filed a report and the court entered a decree approving and confirming that report with certain modifications. The plaintiffs contended that the decree ordering the partition of real estate and appointing commissioners was a final and appealable decree, even though the cause had been later referred to a master to state an account. The court cited Ariola v. Nigro, supra, and Hanley v. Hanley, supra, and held that the court on appeal from the last order had a right to consider all of the decrees entered in the trial court.

██ In the instant case, under section 50(2), as interpreted by the Illinois Supreme Court, the decree of foreclosure entered in the trial court was not a final and appealable order, nor did it become so until the trial court entered an order approving the master's report of sale and distribution. Within one day after that order was entered, the defendant petitioned the court protesting the amount of the attorney's fees and the amount of the deficiency judgment, and asked for such other and further relief as might be equitable. The plaintiff filed a motion to strike which was in effect an answer and which raised issues of fact for the determination of the trial court.* The trial court, in its order, stated that it had "heard argument of counsel" and was "fully advised in the premises," and in that

---

* Among other things, it was therein stated that the amount in controversy on the subject mortgages exceeded $56,000. Nothing in the record bears out this statement.

order reduced both the attorney's fees and the deficiency judgment. No report of the proceedings before the trial court appears in the record; hence, we must assume that the court's statement that it was fully advised in the premises carries with it the implication that whatever evidence was necessary to support the judgment of the court had been presented to it.

In Smith v. Smith, 36 Ill App2d 55, 59, 183 NE2d 559, 561, we said:

> ". . . If a court signs an order which includes the words 'the court was fully advised in the premises,' we conclude, in the absence of any contrary indication in the order or in the record, that the court heard adequate evidence, received enough information or listened to sufficient law and argument, as the necessity of the particular case required, to enable the court to reach what it believed to be the right decision on the issue presented."

The argument which plaintiff makes, that this court should apply the rules governing a petition brought under section 72 of the Civil Practice Act, is not tenable. The petition to modify the decree was brought one day after the order, or decree, approving the master's report of the sale of the property was entered in the trial court. That order, or decree, in our opinion is the final order in the case and consequently, by virtue of defendants' petition, the trial court could enter any order modifying the foreclosure decree in accordance with its function as a court of equity and conscience, and we cannot find that the court abused its discretion in reducing the attorney's fees in this case.

The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ENGLISH, P. J. and DRUCKER, J., concur.