Sherman H. Skolnick, Plaintiff-Appellant, v. Charles T. Martin, et al., Defendants-Appellees.

Gen. No. 51,438.

First District, First Division.

July 22, 1968.

Sherman H. Skolnick, pro se, of Chicago, appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, and Bell, Boyd, Lloyd, Haddad & Burns, of Chicago, for appellees.

MR. JUSTICE ADESKO delivered the opinion of the court.

Appellant, as plaintiff in a certain other cause of action in the Circuit Court, No. 58 C 7219, against Arthur Lilly and Charles R. Perrigo, was noticed to appear in the office of Charles T. Martin, attorney for said defendants, on January 7, 1960, at 2:00 p. m., for a

discovery deposition on oral interrogatories. He was represented by an attorney who was present together with the appellant's father and appellant's court reporter.

On January 6, 1965, appellant filed a suit against the appellees to recover damages for alleged injuries he claims to have suffered when on said January 7, 1960, he sat in attorney Martin's office until 6:20 p. m. In his complaint, appellant alleged that he was forced to sit in the attorney's office "in a low back, narrow chair with no arm rests of an adequate height for the plaintiff (appellant), a paraplegic with a scoliosis spine, disregarding and ignoring the plaintiff's protestations." Said complaint further alleged that said appellees violated appellant's civil rights and liberties secured to him by the Constitutions and laws of the United States and the State of Illinois, particularly section 1, 14th Amendment of the Constitution of the United States; section 2, Article II of the Illinois Constitution; sections 1981, 1983, 1985(2), (3), 1988 of Title 42, US Code; section 241 of Title 18, US Code; and the pertinent provisions of section 139, chapter 38, Ill Rev Stats 1959.

Appellant further alleged that as a result he felt faint, suffered constant pain in the back and collapsed, becoming delirious, and thereafter was forced to stay in bed for a period of two weeks, became further paralyzed and crippled incurring expenses for doctor's fees and medicines. He sought damages in the sum of $200,-000 and exemplary damages for an additional $200,000.

On January 26, 1965, appellees Martin, Lilly and Perrigo, moved to dismiss on the ground that this action was not commenced within two years pursuant to section 14 of the Limitations Act (Ill Rev Stats 1963, c 83, § 15), which provides:

> "Actions for damages for an injury to persons, or for false imprisonment, or malicious prosecution,

or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued."

This motion to dismiss further provided that the appellant alleged the same cause of action in a suit filed on January 4, 1962, in the U. S. District Court for the Northern District of Illinois which was dismissed for failure to state a cause of action. This dismissal was affirmed in the U. S. Court of Appeals, 317 F2d 855 (7th Cir, June 6, 1963). Certiorari was denied, 375 US 908; rehearing denied 375 US 960 (1963).

Appellees further claimed in said motion that the appellant also alleged the same cause of action in another suit filed by him also on January 4, 1962, in the Superior Court of Cook County, No. 62 S 204. The Superior Court dismissed said suit on March 28, 1962, and the Illinois Supreme Court affirmed the dismissal on November 24, 1964. 32 Ill2d 55, 203 NE2d 428, US cert denied 381 US 926 (1965).

On February 17, 1965, appellees, Arthur Lilly and Charles R. Perrigo amended their motion to dismiss, claiming that this suit is also barred by a prior judgment pursuant to section 48 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 48(1) (d)) :

"(d)   That the cause of action is barred by a prior judgment."

On April 23, 1965, the trial court having considered the pleadings, briefs and arguments of the appellant and counsel for the appellees, sustained the motion to dismiss and entered the following order:

"This cause coming on to be heard on defendants' motion to dismiss pursuant to Ch 83 § 15 and the court being fully advised in the premises:

"It is hereby ordered that the complaint be dismissed with prejudice, and plaintiff asking leave to file an amended complaint;

"It is hereby ordered that leave is denied and it is further ordered that the complaint be dismissed at plaintiff's cost, that the plaintiff take nothing and defendants go hence without day."

On June 2, 1965, the trial court denied appellant's motion for rehearing and to vacate the order of April 23, 1965. Notice of appeal to the Supreme Court of the State of Illinois was filed on July 30, 1965. The Supreme Court in transferring the appeal to the Appellate Court made the following pronouncement:

"The issue in this case is whether plaintiff's complaint was barred by a two year statute of limitations or whether the five year statute was controlling.

"There is no substantial constitutional issue presented, and the motion by appellees is allowed. The cause is transferred to the Appellate Court for the First District."

■ Appellant contends that the instant case comes within the provisions of "civil actions not otherwise provided for" of section 16, chapter 38, of the Illinois Revised Statutes, which permits the commencement of a suit within 5 years next after the cause of action accrued. We do not agree with this contention.

Appellant's complaint is an action for personal injuries and section 15, chapter 83, Illinois Revised Statutes provides that such actions "shall be commenced within two years next after the cause of action accrued." His action is not a civil action not otherwise provided for as claimed by appellant. The Illinois Supreme Court in Handtoffski v. Chicago Traction Co., 274 Ill 282, 113 NE 620, (1916), said at page 286:

169

"Again said section 14 (present Chapter 83, Sec 15) is a particular provision designed to control actions for damages because of or on account of an injury to the person, regardless of the form of action, and it must prevail over the more general provision made in section 15, (present Ch 83, Sec 16), and be treated as an exception to that general provision."

■ Appellant's complaint also alleges that his civil rights and liberties were violated. The U. S. Court of Appeals disposed of this contention in Skolnick v. Martin, supra, a suit identical with the complaint in this case. At page 857, the U. S. Court of Appeals said:

"There was no denial of rights under the Fourteenth Amendment or a claim stated upon which relief could be granted under the Federal Civil Rights Acts."

The same U. S. Court of Appeals concluded that appellant's alleged action is one for injury to the person and is governed by the two-year period of limitation. At page 856, the court said:

"On January 4, 1962, plaintiff filed the instant action in the United States District Court against Martin, Lilly and Perrigo. He sought to recover damages for alleged physical injuries charged to have been caused by alleged improprieties committed in the taking of his deposition on January 7, 1960."

The court also stated:

"In short, plaintiff contends that defendants have misused the state power of compulsory process to inflict personal injuries upon him, thereby acting under color of state law and in violation of his

rights under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States." (P 856.)

Appellant also contends that under the provisions of section 24 of the Limitations Act, (Ill Rev Stats 1963, c 83, § 24a), after the rulings adverse to the plaintiff in the U. S. District Court and in the Superior Court of Cook County, he could commence a new action within one year after judgments against the plaintiff. The Superior Court judgment was entered on March 28, 1962. The judgment in the U. S. District Court was dated August 14, 1962. The current suit was filed on January 6, 1965, which was more than the one year as provided in Section 24a. The plaintiff was late in filing this suit.

Appellant describes the instant case as an action for defendants' conspiracy to obstruct justice in Illinois and to damage plaintiff in his person and property for enforcing, or attempting to enforce, in the State courts, plaintiff's right to equal protection of the laws and that such action then comes within the provisions of "civil actions not otherwise provided for." Appellant relies on Wakat v. Harlib, 253 F2d 59 (7th Cir 1958), and concludes that the 5-year statute of limitations would then apply. We do not agree. In Wakat the court held that there were violations of the Civil Rights statutes. The U. S. Court of Appeals has held that appellant in the instant case has no cause of action for civil rights.

In the opinion of the court, the judgment of the Circuit Court of Cook County is correct, and the decision of said court is therefore affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.