GEORGE T. HUPP, Plaintiff-Appellant, *v.* LAURENCE GRAY *et al.*, Defendants-Appellees.

First District (4th Division)    No. 62616

Opinion filed February 10, 1977.—Rehearing denied April 1, 1977.

Jason E. Bellows, of Bellows & Bellows, of Chicago, for appellant.

James T. Griffin, Michael B. Roche, and Edward J. Lesniak, all of Hubachek, Kelly, Rauch & Kirby, of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

George T. Hupp, the plaintiff, brought an action for common law fraud in the Circuit Court of Cook County, Illinois, County Department, Law Division. Named as defendants were A. G. Becker & Co., Inc., a brokerage firm, and Laurence Gray, its agent. The action arose out of a series of sales transactions between the plaintiff and the defendants. The defendants filed a motion to dismiss plaintiff's cause, based upon the

applicable statute of limitations. The court sustained the defendants' motion and the plaintiff appeals.

The nature of the case is as follows. The defendant, A. G. Becker & Co., Inc. (hereinafter referred to as Becker), was a broker and dealer of securities operating in the Chicago area. Defendant Laurence Gray was an agent for Becker. Through the defendants, plaintiff Hupp made extensive purchases of shares of common stock in the Variable Annuity Life Insurance Company of America (hereinafter referred to as VALIC). The transactions occurred between May 1965 and January 1966. During this 9-month period, Hupp purchased a total of 1500 shares of VALIC at a total expenditure of $58,711.25.

Hupp alleges that his purchases of VALIC stock were made in reliance upon certain misrepresentations made to him by Gray. According to the plaintiff, Gray misrepresented certain material facts and omitted other material facts concerning VALIC, with the intent to cause plaintiff to purchase VALIC stock. The plaintiff alleges that these misrepresentations and omissions were made knowingly, with intent to deceive plaintiff, or were made without proper investigation of available facts. When the price of VALIC stock lowered significantly from $47 per share to approximately $17.50 per share, Hupp continued to rely upon misinformation furnished by Gray and refrained from selling his VALIC stock. Finally, on March 3, 1967, he sold his 1500 shares of VALIC stock for a price of approximately $26,250. From January 10, 1966, to March 3, 1967, it was necessary for Hupp to liquidate other assets owned by him and to post additional cash as security in order to maintain loans that had been secured by VALIC stock. Hupp contends that as a direct result of this, he suffered great mental anguish.

On September 17, 1971, plaintiff filed suit against Gray and Becker in the United States District Court for the Northern District of Illinois. Count II of the complaint was founded on common law fraud and Count IV on common law negligence. The defendants argued that plaintiff's cause of action matured in March 1967, and moved to dismiss the complaint on the ground that it was barred by the applicable 3-year statute of limitations (Ill. Rev. Stat. 1971, ch. 121½, par. 137.13D). The plaintiff maintained that he exercised due diligence but failed to discern his cause of action until August 1970, due to fraudulent concealment on the part of the defendants. Thus, he argued that the statute of limitations had been tolled by the defendants' fraudulent concealment. On May 12, 1972, the United States District Court sustained the defendants' motion and the complaint was dismissed. On December 4, 1972, plaintiff was denied leave to file an amended complaint. On December 27, 1972, Hupp filed his notice of appeal. On August 12, 1974, the Seventh Circuit Court of Appeals affirmed the district court's dismissal of plaintiff's cause.

Hupp brought this action in the circuit court of Cook County on September 30, 1974. The instant complaint is founded on common law fraud, and is predicated on the identical facts alleged in the prior complaint. The defendants filed their motion to dismiss on October 30, 1974, asserting that plaintiff's action was barred by the 5-year statute of limitations (Ill. Rev. Stat. 1973, ch. 83, par. 16). The defendants further argued that the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a) required that plaintiff bring the instant action no later than 1 year following the date of dismissal by the district court, in order to bring himself within the purview of the protective statute. The trial court sustained the defendants' motion to dismiss. The court held that based on the prior finding of the district court, Hupp was collaterally estopped from denying that his cause of action accrued subsequent to March 1967; it was thus "time-barred on the substantive common law causes of action." The court held that section 24 (Ill. Rev. Stat. 1973, ch. 83, par. 24a) was not available to Hupp since he failed to file the instant complaint within 1 year after the dismissal of his cause by the Federal District Court.

The single issue presented for review is whether under section 24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a), the 1-year extended limitations period for recommencement of an action following an involuntary nonsuit should begin at the time of the original nonsuit in the trial court or after the affirmance of the nonsuit by a reviewing court.

The statute provides as follows:

> "In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or if the plaintiff is nonsuited, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the plaintiff is nonsuited or the action is dismissed for want of prosecution." Ill. Rev. Stat. 1973, ch. 83, par. 24a.

It is not disputed that the involuntary dismissal of the plaintiff's cause constitutes a nonsuit within the meaning of section 24 of the Limitations Act. *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 42, 203 N.E.2d 415, 416; *In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 361, 251 N.E.2d 910, 912-13.

The plaintiff maintains that the trial court erred in holding that a 1-year recommencement period began to run on the date of the dismissal by the

United States District Court rather than on the date of the affirmance by the United States Court of Appeals. Further, Hupp maintains that the ruling requires a plaintiff to risk his privilege of renewal where he takes an appeal. He argues that the ruling in no way advances the true purpose of statutes of limitations, which is to allow a defendant a fair opportunity to investigate the facts and circumstances which engendered his liability, and to prepare a defense while the pertinent facts remain accessible. (*Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 49, 203 N.E.2d 415, 420.) We must agree.

In the instant case, the defendants were on notice as of September 1971, when plaintiff filed his first complaint, that he had a claim against them. They were fully apprised of the merits or substance of plaintiff's claim and that he intended to maintain his rights in a court of law. The Illinois Supreme Court, in quoting Mr. Justice Holmes in *New York Central & Hudson River R. R. Co. v. Kinney* (1922), 260 U.S. 340, 342, 67 L. Ed. 294, 43 S. Ct. 122, 123, held in *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 49-50, 203 N.E.2d 415, 420, that:

> " ' * * * [W]hen a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied.' "

The court further stated in *Roth* that "The plain purpose of section 24 is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits." (*Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 48, 203 N.E.2d 415, 419.) Thus, in the instant case, it would be consistent with the remedial purpose and spirit of section 24 to construe the statute liberally.

■■■ The defendants contend that the trial court's interpretation of section 24 does not require a plaintiff to risk his right of renewal if he appeals from an adverse judgment. According to the defendants, plaintiff should have pursued his Federal appeal and his State court action simultaneously; plaintiff had a choice of remedies, and the selection of one remedy does not toll limitations as against the other remedy. After Hupp's Federal action was dismissed, it remained so until reversed by the court of appeals. Thus, a timely refiling in the State court during the pendency of the Federal appeal would not have been precluded by section 48(c) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(c)), on the ground that another action was pending between the parties for the same cause. (*Bernhardt v. Fritzshall* (1973), 9 Ill. App. 3d 1041, 1045, 293 N.E.2d 650, 653.) Following the dismissal of his suit by the district court, the plaintiff had three options which were not mutually exclusive. Plaintiff could have (1) appealed from the decision of the

district court, (2) refiled his action in the State court under section 24, or (3) pursued both of these remedies simultaneously. The defendants insist that since Hupp chose to pursue his Federal appeal, he must now be satisfied with that choice. The defendants further contend that the law in Illinois clearly mandates an affirmance of the trial court's ruling.

The defendants cite two cases, *Skolnick v. Martin* (1968), 98 Ill. App. 2d 166, 240 N.E.2d 296, and *Sager Glove Corp. v. Continental Casualty Co.* (1962), 37 Ill. App. 2d 295, 185 N.E.2d 473, as dispositive of the instant case. The Illinois Appellate Court for the Second District found, in applying section 24, that:

> "According to the language of the statute, there are two times when a new action can be filed within a year. One instance is where there is a reversal of a judgment against the plaintiff. Such is not the case here, for here, the appeal resulted in an affirmance of the judgment for the defendant.
>
> The other time when a suit may be refiled within a year is after judgment is given against the plaintiff. The statute specifically refers to a judgment given against the plaintiff rather than an affirmance of a judgment against the plaintiff." (*Sager Glove Corp. v. Continental Casualty Co.* (1962), 37 Ill. App. 2d 295, 299, 185 N.E.2d 473, 474-75.)

The *Sager* court concluded that:

> "[T]he statute gives a litigant under certain stated circumstances, the opportunity to refile a suit within one year. Also available is the remedy of appeal. A litigant, in a proper case, may choose to use both remedies, but each must be exercised within the time prescribed by statute and neither is dependent or extended by use of the other." *Sager Glove Corp. v. Continental Casualty Co.* (1962), 37 Ill. App. 2d 295, 300, 185 N.E.2d 473, 475.

We find the decision of the Illinois Appellate Court for the Second District in *Sager Glove Corp. v. Continental Casualty Co.* (1962), 37 Ill. App. 2d 295, 185 N.E.2d 473, to be unpersuasive and not controlling upon this court.

In the second case cited by defendants, *Skolnick v. Martin* (1968), 98 Ill. App. 2d 166, 240 N.E.2d 296, the primary issue before the court was whether or not plaintiff's action was governed by the 2-year statute of limitations applicable to injury actions (Ill. Rev. Stat. 1963, ch. 83, par. 15), or the 5-year statute applicable to civil actions not otherwise provided for (Ill. Rev. Stat. 1965, ch. 83, par. 16). The plaintiff in that case did raise an issue as to whether or not under section 24 of the Limitations Act he could file a new action within 1 year following prior judgments adverse to his cause. The plaintiff had first filed suit in the Federal court

which was later dismissed for failure to state a cause of action. The dismissal was affirmed by the United States Court of Appeals. Prior to the dismissal by the court of appeals, plaintiff filed a suit alleging the same cause of action in the Superior Court of Cook County which was subsequently dismissed. This dismissal was affirmed by the Illinois Supreme Court. In its opinion, the *Skolnick* court stated:

> "The Superior Court judgment was entered on March 28, 1962. The judgment in the U.S. District Court was dated August 14, 1962. The current suit was filed on January 6, 1965, which was more than the one year as provided in Section 24a [*sic*]. The plaintiff was late in filing this suit." *Skolnick v. Martin* (1968), 98 Ill. App. 2d 166, 171, 240 N.E.2d 296, 298.

Although the language employed by the *Skolnick* court appears to support the contention of the instant defendants, we find the better rule to be that the 1-year period of extended limitations granted by section 24 commences to run from the date of a judgment adverse to plaintiff, or from the affirmance of such judgment on appeal.

■■■ It is established that a plaintiff has no clear right to avail himself of the extended limitations period under section 24. (*Franzese v. Trinko* (1976), 38 Ill. App. 3d 152, 155, 347 N.E.2d 844, 847; *Brown v. Burdick* (1974), 16 Ill. App. 3d 1071, 1074, 307 N.E.2d 409, 411.) However, the statute is remedial in purpose and was intended to facilitate the disposition of litigation upon its merits rather than to impede litigation on unrelated procedural grounds. The statute should therefore be liberally construed. (*Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 48, 203 N.E.2d 415, 419.) Public policy demands that in the interest of justice and fair play every claimant shall have his cause determined on its merits. (*In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 362, 251 N.E.2d 910, 913.) Therefore, a construction of section 24 that would allow a diligent plaintiff a proper determination of his cause is preferable to one that would frustrate the spirit and purpose of the statute.

The defendants argue that since section 24 specifies only reversal of a judgment favorable to plaintiff as a ground for application of the statute, the statute does not apply where, as in the instant case, a judgment adverse to plaintiff has been affirmed. However, in its construction of a statute similar to section 24, the Delaware Supreme Court held in *Gosnell v. Whetsel* (Del. 1964), 198 A.2d 924, 926, that:

> "Defendant, however, contended that 10 Del. C. Sec. 8117(a) by specifying only *reversal* of judgments for plaintiff as a ground for application of the statute necessarily excluded affirmance of judgments adverse to plaintiff as a relevant factor in the computation of the one year period. It is obvious, however, that

the statute is designed to allow a plaintiff, within prescribed limitations, one year to file a second cause of action following a final judgment adverse to his position if such judgment was not upon the merits of the cause of action. Obviously, if the initial judgment in the trial court was favorable to the plaintiff, plaintiff has no need to avail himself of the savings statute. Accordingly, we are of the opinion that, assuming the statute is otherwise applicable, plaintiff has brought her action within the one year period required by the statute."

■■ To hold, as the defendants urge, that in order to avail himself of section 24 Hupp should have simultaneously filed his new action in the State court and his Federal appeal would serve only to encourage an undesirable and unnecessary multiplicity of suits. We believe that the decision of the *Gosnell* court follows the better rule, and note that this is the rule adopted by a multitude of jurisdictions. In its opinion, the *Gosnell* court stated:

"The prevailing rule is succinctly established in 79 A.L.R.2d 1276:

'Under various renewal statutes, it has been held in an overwhelming majority of cases that the time limited for the recommencement of an action is to be measured from the date of the affirmance on appeal of a judgment or decision adverse to the plaintiff, not from the date of the adverse decision or judgment below. In other words, the plaintiff is not required to risk his privilege of renewal by taking an appeal.' " *Gosnell v. Whetsel* (Del. 1964), 198 A.2d 924, 926.

For the above reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

DIERINGER, P. J., and SULLIVAN, J., concur.