(No. 49509.—

GEORGE T. HUPP, Appellee, v. LAURENCE GRAY *et al.,* Appellants.

*Opinion filed Oct. 6, 1978.—Rehearing denied Dec. 1, 1978.*

James T. Griffin, Michael B. Roche, and Thomas D. Rafter, of Hubachek, Kelly, Rauch & Kirby, of Chicago, for appellants.

Jason E. Bellows, of Bellows & Bellows, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from a decision of the appellate court, reversing an order of the circuit court of Cook County, which had dismissed the complaint filed by plaintiff, George T. Hupp.

Between May of 1965 and January of 1966 plaintiff purchased shares of stock in an insurance company through the brokerage firm of A. G. Becker, Inc. (Becker), and Laurence Gray, Becker's agent. In 1971 plaintiff filed a four-count complaint in the United States District Court for the Northern District of Illinois against Becker and Gray, for damages suffered as a result of certain losses in the transactions. Counts I and III alleged that the defendants had violated certain provisions of the Securities

Exchange Act of 1934 with relation to the stock trans-
actions (15 U.S.C. secs. 78j(b), 78g). Counts II and IV
were pendent State claims alleging negligence and fraud by
the defendants in connection with the same transactions.
In May 1972 the district court dismissed the Federal
counts on the ground that they were barred by the
applicable statute of limitations. Also, insofar as the
plaintiff's attempt to obtain a Federal forum for litigating
his Federal claims had failed, the district court dismissed
the State claims for lack of pendent jurisdiction. In the
Federal court of appeals, the plaintiff argued that the
statute of limitations barring the Federal claims should
have been tolled as a result of alleged fraudulent conceal-
ment by the defendants. The court of appeals disagreed
and affirmed the district court's order of dismissal on
August 12, 1974. *Hupp v. Gray* (7th Cir. 1974), 500 F.2d
993.

In September 1974 the plaintiff filed a complaint in
the circuit court of Cook County based on the same facts
as the Federal complaint and founded upon common law
fraud. In the circuit court he claimed that if his cause of
action accrued in 1967 and expired for purposes of the
State claims in 1972, that his situation came within section
24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par.
24a), which, at that time, allowed a nonsuited plaintiff one
year to refile his action if the statute of limitations had run
on his claim. The circuit court held that section 24 was
unavailable to the plaintiff because he did not file within
one year of his nonsuit, as required by the statute, but
instead filed within one year of the affirmance by the
court of appeals of the district court's order. In this
connection, the court found that the one-year period
began to run on the date of the original nonsuit in the
district court. The appellate court held that the one-year
period within which the plaintiff was required to refile his
action began to run with the affirmance of the nonsuit by

the court of appeals. Since the plaintiff had refiled within a year of that date, the appellate court reversed the finding of the circuit court. (46 Ill. App. 3d 381.) We granted defendant's petition for leave to appeal.

Section 24, as it read at the time the plaintiff filed his action in the circuit court of Cook County, provided as follows:

"In the actions specified in this Act *** where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or if the plaintiff is nonsuited, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the plaintiff is nonsuited or the action is dismissed for want of prosecution." Ill. Rev. Stat. 1973, ch. 83, par. 24a.

During the pendency of this case in the appellate court, the legislature amended section 24 by substituting the words "the action is voluntarily dismissed by the plaintiff" for the words "if the plaintiff is nonsuited" (Ill. Rev. Stat. 1977, ch. 83, par. 24a). Consequently, as the statute now reads, its protection would now be unavailable to plaintiff, since his action was nonsuited and not voluntarily dismissed.

Two issues are raised for our consideration. First, defendants argue that they are entitled to the benefit of the recent amendment, and that it should be retroactively applied to abate the plaintiff's action. Second, we are asked to decide whether the one-year time limit of section 24, within which plaintiff was required to refile his action, began to run on the date of the original dismissal by the Federal district court or as of the date of the affirmance of

the dismissal by the Seventh Circuit Court of Appeals.

Section 24 is, in effect, an extension of the applicable limitation period. Although under the amended section the extension no longer applies to orders such as that entered against the plaintiff, the fact remains that the refiling by the plaintiff had occurred before the effective date of the amendment. An amendment shortening a limitation period does not operate to divest a litigant of his cause of action if his suit has already been filed. If, for example, a limitation statute permits the filing of an injury action within two years and the plaintiff files his suit for such an injury 18 months after the cause of action accrued and while his suit is pending the limitation statute is amended requiring the filing of such actions within one year, the amendment has no effect on the pending action. This is essentially what occurred in our case.

This is quite different from the repeal or amendment of a statute creating a cause of action. This court has held that where a statute which gives a special remedy is repealed without a saving clause all pending suits predicated thereon will terminate as of the date of the repeal. (*Board of Education v. Nickell* (1951), 410 Ill. 98; *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 346.) Also, as was held in *Orlicki,* an amendment to a limitation statute shortening the period within which an action must be filed will be applied retroactively to actions not as yet commenced, provided there is a reasonable time after the effective date of the amendment within which to bring the action. See *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 359.

This court has recently held that an amendment which extends a statute of limitations will not be applied retroactively so as to revive a cause of action which had already been barred by the expiration of the original limitation period (*Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161). We likewise hold that

an amendment shortening the limitation period will not be applied retroactively in such a manner as to terminate a cause of action filed within the limitation period prior to the effective date of the amendment.

Resolution of the second question turns on whether the plaintiff filed his action in the Cook County circuit court within the time limit prescribed by section 24, that is, within one year of his nonsuit. We conclude that the time for such filing began to run from the date of the nonsuit in the Federal district court, and not, as the appellate court held, from the affirmance of the order by the Seventh Circuit Court of Appeals.

Two cases decided by the appellate courts of this State have dealt with the precise issue presented by the facts in the instant case, *Sager Glove Corp. v. Continental Casualty Co.* (1962), 37 Ill. App. 2d 295, and *Skolnick v. Martin* (1968), 98 Ill. App. 2d 166.

In *Sager*, plaintiff brought an action on fidelity bonds issued by the defendant. The suit was dismissed by the superior court of Cook County on December 2, 1957, the appellate court affirmed the dismissal in December 1958, and this court denied leave to appeal on May 20, 1959. The plaintiff filed a suit based on the same cause of action on February 1, 1960, in the circuit court of Kane County. Although the statute of limitations had run on the substantive claim, plaintiff argued that he was entitled to the protection of section 24. The circuit court of Kane County disagreed and accordingly dismissed the plaintiff's complaint.

In affirming the order of the circuit court, the appellate court held that the year within which plaintiff was required to file his action under section 24 began to run on the date of dismissal in the trial court. The court noted that, pursuant to the unambiguous wording of the statute, there were only two times when a new action could be filed within the extended period, namely where

judgment for plaintiff was reversed on appeal and also after judgment was given against the plaintiff. The court pointed out that the plaintiff (like the plaintiff in the instant case), clearly did not fall within the first category. And, the court concluded that in order for the plaintiff to properly fall within the second category, it would have to "construe the statute which states '*** judgment given against the plaintiff' to mean '*** judgment affirmed against the plaintiff.' " (37 Ill. App. 2d 295, 299.) The court held that the statute did not admit of such a construction.

After *Sager* was decided, the legislature amended section 24 on two separate occasions, in 1965 and again in 1967. However, the portion of the statute at issue in *Sager*, which is also the precise statutory language at issue in the instant case, remained intact.

In *Skolnick,* the plaintiff simultaneously filed actions for damages for personal injury in the Federal district court and in the superior court of Cook County. The Federal suit was dismissed on August 14, 1962, and affirmed by the court of appeals on June 6, 1963. Likewise, the superior court suit was dismissed on March 28, 1962, and ultimately affirmed by this court in November 1964.

The plaintiff refiled his action in the superior court of Cook County on January 6, 1965, relying on section 24. However, the superior court dismissed the suit, and the appellate court affirmed, holding that the plaintiff had not refiled the suit within the year time period prescribed by the section. In support of its holding, the appellate court noted that the year period began to run on the date of the dismissal by the trial court, thereby concurring with the construction of the section previously rendered by *Sager*.

We feel that the construction of section 24 by both the *Sager* and *Skolnick* courts must be given its proper significance. In this regard, we must recognize that a

reenacted statute will be given the same construction as that given the prior act, since the legislature is presumed to know the construction which has been given to the statute and, by reenactment, is assumed to have intended for the new statute to have the same effect. (*City of Champaign v. City of Champaign Township* (1959), 16 Ill. 2d 58.) Thus, an amendatory act is not only to be construed as continuing in effect the unchanged portions thereof (*Gaither v. Lager* (1954), 2 Ill. 2d 293) but, more significantly, if previously construed terms in the un-amended sections are used in the amendment, it is generally concluded that the legislature intended to adopt the prior construction given to these terms. 1A Sutherland, Statutes and Statutory Construction sec. 22.35 (4th ed. 1972).

Application of these tenets of statutory construction to the instant case compels the conclusion that we adopt the construction that the *Sager* and *Skolnick* courts placed on the operative terms of section 24 here in issue. When the legislature amended the section subsequent to *Sager,* the language of the statute prescribing the time within which a party could refile an action remained unchanged and became part of the statute as amended. The legislature is presumed to have known that *Sager* had construed this language to give a plaintiff one year to refile his action from the date of nonsuit in the trial court. Moreover, the legislature did nothing in redrafting the section to negate the construction that *Sager* had placed upon the statute, a result which it could have accomplished by substituting the phrase "judgment affirmed against the plaintiff" for the words "judgment given against the plaintiff." There-fore, we can only conclude that by retaining the language of the prior statute in the amendment, the legislature intended to incorporate the prior construction of these terms into the amended statute.

The statutory language here in issue not only survived

two amendments subsequent to *Sager,* but also was left intact by the most recent amendment. Thus, for the same reasons that the legislature can be said to have adopted the construction of the statute rendered by *Sager* in the amendments of 1965 and 1967, the most recent amendment must be construed as adopting the prior construction of the language by the *Skolnick* case as well. *Skolnick,* as we have seen, affirmed the interpretation of *Sager* as regards the time within which a plaintiff must refile a nonsuited action. The most recent amendment no longer makes the saving clause available to plaintiffs who are nonsuited, but, nevertheless, the relevant portions of the statute denoting the time-period limitations have been carried over into the statute as amended. This further supports the conclusion that the year within which an action must be refiled runs from the time of judgment in the trial court, and not from affirmance of the judgment by the appellate court.

The plaintiff argues that the ruling of the trial court in no way advances the true purpose of statutes of limitations, that is, to allow a defendant a fair opportunity to investigate the facts and circumstances as to liability and to prepare a defense while the pertinent facts remain accessible.

Plaintiff argues that it is antagonistic to the spirit and purpose of section 24 to attach a restrictive meaning to the language of the section providing for the recommencement of actions after nonsuits, and that a liberal interpretation is preferable. See *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40.

The plaintiff's arguments are not without merit. However, the decision we reach today is premised upon the effect of prior judicial construction of section 24 on subsequent amendments to the section, and not on a construction of its language *per se.* Consequently, the persuasiveness of the defendants arguments, which urge us

to adopt a construction of the section inconsistent with *Sager* and *Skolnick,* is somewhat diminished. However, as we discuss below, we are not convinced that the interpretation that we have attached to section 24 totally contravenes the spirit and purpose of the section or is otherwise unjust or unfair.

We do not deny that one of the purposes of a statute of limitations, *i.e.,* to allow a defendant a fair opportunity to investigate facts and circumstances concerning liability, does not exist when the defendant is put on notice of the plaintiff's cause against him. However, there are other purposes for statutes of limitations. One such purpose is to promote certainty and finality in the administration of affairs. (See *Gates Rubber Co. v. U S M Corp.* (7th Cir. 1975), 508 F.2d 603.) This purpose is not advanced by allowing a plaintiff to wait until an affirmance of a judgment against him to recommence his action. Such a tactic only serves to prolong the matter and results in subjecting the defendant to a protracted period of contingent liability. As was held in *Gates,* this result should be avoided. A more desirable result is attained by requiring that the litigation be brought to a close as quickly as possible.

Plaintiff cites numerous decisions from other jurisdictions which have interpreted statutes similar to section 24. These decisions, which held that the period for renewal of actions begins with affirmance of a judgment against plaintiff and not from nonsuit in the trial court, are collected in an annotation in 79 A.L.R.2d 1270 (1961). Many of the cases relied upon by the plaintiff are distinguishable on the facts, and all such cases rest upon judicial construction of statutes which are worded differently from section 24. Plaintiff, as did the court below, relies heavily on *Gosnell v. Whetsel* (Del. 1964), 198 A.2d 924. In *Gosnell,* the Delaware Supreme Court interpreted a statute similar in language to that of section 24 to give a

plaintiff one year from affirmance of a nonsuit by the appellate court to recommence his action. Plaintiff argues that *Gosnell* represents the majority view of when the renewal period of saving statutes begins to run and concludes that our decision today should be consistent with that case and others similarly decided. We do not agree. While the Delaware statute was similar in language to section 24, the statute did allow renewals to be filed after reversal of a judgment for the plaintiff or "other determination of the original action ***." (Del. Code tit. 10, sec. 8117(a).) This arguably intends the statutory period to begin running with an affirmance of a judgment adverse to the plaintiff. Section 24, on the other hand, states that it begins to run when a judgment in favor of plaintiff is reversed or when one is given against a plaintiff. There is an arguable difference between the Delaware statute and section 24.

More significantly, as far as we can tell from the reported case, *Gosnell* was decided without the benefit of prior judicial construction of the relevant statute. In the instant case we are faced with two cases interpreting section 24, and three subsequent amendments which must be considered as incorporating the construction that those cases attached to the section. As we have already said, this is a critical aspect of this case and serves to distinguish it from those cases cited by the plaintiff, including *Gosnell v. Whetsel.*

For the reasons discussed above, we conclude that the plaintiff had one year from the nonsuit in Federal district court to recommence his action in the Cook County circuit court. Consequently, the action was untimely filed and the judgment of the appellate court is reversed and that of the circuit court affirmed.

*Appellate court reversed;*
*circuit court affirmed.*