RICK J. RAPER, Plaintiff-Appellant, v. ST. MARY'S HOSPITAL *et al.*, Defendants-Appellees.

Third District   No. 3—88—0486

Opinion filed April 3, 1989.

Robert G. Peterson, of Robert G. Peterson & Associates, of Chicago (Michael R. Alberts, of counsel), for appellant.

Richard F. Record, Jr., and Rohini Palit of Craig & Craig, of Mattoon, for appellee Harold R. Keegan.

Robert J. Baron, of Rooks, Pitts & Poust, of Joliet (Pamela Davis, of counsel), for appellee St. Mary's Hospital.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, who was injured while in the defendants' care, filed one Federal and two State actions against the defendants. The circuit court of Kankakee County granted the defendants' motions and dismissed the most recent complaint after finding it was not timely filed

and was not authorized by the relevant statute permitting late filings. The plaintiff has appealed, and we affirm.

On December 7, 1982, Ricky Raper underwent surgery to repair head injuries at St. Mary's Hospital and was under the care of Dr. Harold Keegan. A surgical sponge was inadvertently left in the plaintiff's skull, necessitating further surgeries and resulting in permanent damage. On February 9, 1984, the plaintiff filed an amended complaint in United States District Court, adding the defendants herein to a pending civil rights action he had filed against the parties who allegedly inflicted the injuries which necessitated the surgery. On August 3, 1984, the Federal district court dismissed the malpractice claims against the defendants for lack of subject matter jurisdiction. The Federal case continued against other defendants. The plaintiff's motion to vacate the order of dismissal was denied on February 14, 1986. Thereafter, on April 16, 1986, the Federal court entered a judgment dismissing all defendants in the Federal suit.

In the meantime, on October 16, 1984, the plaintiff filed his first complaint in Kankakee County (No. 84—L—185) against the malpractice defendants and several of the other parties named in the Federal suit. On June 14, 1985, the plaintiff's motion for a voluntary nonsuit was granted. All parties agreed to the voluntary dismissal and the cause was dismissed without prejudice.

On June 2, 1986, the plaintiff refiled this action against the malpractice defendants in the circuit court of Kankakee County (No. 86—L—106). In the complaint, the plaintiff alleged that the cause had been voluntarily dismissed without prejudice on June 14, 1985, and was being refiled within one year of the nonsuit.

The defendants filed motions to dismiss this final complaint, claiming that the plaintiff had violated section 13—217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) by commencing a second new action following a dismissal. The trial court granted the defendants' motions and denied the plaintiff's subsequent motion to reconsider. The plaintiff initiated this appeal.

The plaintiff allegedly suffered injuries due to the defendants' negligent acts on December 7, 1982. The applicable statute of limitations expired on December 7, 1984. (Ill. Rev. Stat. 1985, ch. 110, par. 13—212.) However, section 13—217 of the Code of Civil Procedure provides:

> "In the actions *** where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of

jurisdiction, then *** the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater ***." Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

■■ Thus, a plaintiff may commence a new cause of action within one year of a voluntary dismissal or Federal dismissal for lack of jurisdiction even if the statutory limitations period governing such actions has expired. This section does not permit endless refilings, however. The Illinois Supreme Court recently determined that a plaintiff is entitled to only one additional filing after the first suit is voluntarily dismissed. (*Gendek v. Jehangir* (1988), 119 Ill. 2d 338.) The parties agree that the rules of law set out above govern this matter, but disagree on the appropriate application of the rules to the facts before us.

The defendants contend that after the Federal claim against them was dismissed for lack of subject matter jurisdiction, the plaintiff necessarily invoked the savings provision of section 13—217 in refiling the first action in Kankakee County (No. 84—L—185). They further contend that the plaintiff's filing of the second State suit (No. 86—L—106) was impermissible because he had already availed himself of the single allowable refiling when he initiated the first action in Kankakee County.

■ The plaintiff argues first that the Federal suit did not constitute a "filing" within the meaning of section 13—217 of the Code of Civil Procedure because the district court dismissed these defendants for lack of pendent jurisdiction rather than subject matter jurisdiction, which is what the statute requires. We disagree. Section 13—217 provides that the savings provision is invoked when the action is dismissed by a United States District Court for "lack of jurisdiction." The plain meaning of the statute's language is that a dismissal for a lack of any type of jurisdiction in Federal court invokes the one-year refiling rule. Furthermore, the Federal court's order of dismissal clearly indicates that the malpractice claims were dismissed for lack of subject matter jurisdiction, and the plaintiff acknowledged this in his response to the defendants' motions to dismiss. Accordingly, the plaintiff's first argument is unpersuasive.

■ Alternatively, the plaintiff argues that even if the Federal suit constitutes a filing for purposes of section 13—217, filing of his second action in State court (No. 86—L—106) was permissible because it followed only one *final* order of dismissal, that being the final and appealable Federal court order dismissing all of the defendants in the Federal suit. The plaintiff contends that because a final and appeala-

ble Federal order dismissing all of the defendants was not entered until April 1986, his first filing in Kankakee County (No. 84—L—185) in October 1984 did not invoke section 13—217 and exhaust his right to refile.

The plaintiff's attempt to have this court somehow pretend that the first action filed in Kankakee County was a nullity because it was filed after a final, but not appealable Federal order of dismissal is unavailing. On August 4, 1984, the Federal court dismissed the claims against the defendants herein for lack of jurisdiction. Although the plaintiff claims that the Federal appellate court denied his appeal of that order because the dismissal was not final and appealable as long as the suit remained pending against other defendants, the plaintiff points to nothing in the record to support this assertion, and we found no evidence in the record of either an attempted appeal or a Federal ruling denying an appeal. Furthermore, in its April 16, 1986, order, the Federal court stated that the cause against St. Mary's Hospital and Dr. Keegan was dismissed pursuant to the order entered August 3, 1984. It appears that the April 16, 1986, order merely incorporated all of the previously entered dismissals into one judgment. Accordingly, we find that the Federal court order entered in August 1984 dismissing the action against the malpractice defendants was final, for purposes of section 13—217, so that when the plaintiff filed his first action in Kankakee County, he necessarily invoked the savings provision of that section. The first Kankakee County action (No. 84—L—185) constituted the one new action the plaintiff was permitted to file following the Federal dismissal, so the court below properly dismissed the second action (No. 86—L—106) filed in Kankakee County.

The plaintiff also contends that because the first Kankakee County case (No. 84—L—185) was dismissed without prejudice and because the defendants agreed to the order, he has the right to refile his action and the doctrine of equitable estoppel prevents the defendants from arguing otherwise. We disagree. Initially, there is no merit in the plaintiff's contention that he should have been permitted to refile his Kankakee County action because the order of voluntary dismissal was without prejudice, meaning it was without prejudice to his right to refile. The supreme court, in a consolidated case in which one of the plaintiff's motions for voluntary dismissal was granted on a stipulation of the parties, recently held that plaintiffs are entitled to only one refiling pursuant to section 13—217 after taking a voluntary dismissal. (*Gendek v. Jehangir* (1988), 119 Ill. 2d 338.) The court reasoned that a contrary interpretation would foster abuse of the judicial

system by allowing a nondiligent plaintiff to repeatedly file and dismiss similar actions and thereby circumvent the applicable statute of limitations. Acceptance of the plaintiff's argument here would permit, contrary to the court's mandate in *Gendek*, multiple refilings following voluntary dismissals. Therefore, the fact that the plaintiff's filing of the second Kankakee County case followed an order of voluntary dismissal to which the defendants agreed fails to transform it into something other than an impermissible third filing. Regarding the plaintiff's estoppel argument, we note that the plaintiff had an absolute right to secure a voluntary dismissal without prejudice before trial or hearing began, and the defendants had no basis upon which to object. (*Johnson v. United National Industries, Inc.* (1984), 126 Ill. App. 3d 181.) Further, the plaintiff has neither pleaded nor proved the necessary elements of estoppel. (See, *e.g.*, *Jones v. Meade* (1984), 126 Ill. App. 3d 897.) For example, there is nothing in the record to suggest the defendants knowingly concealed material facts or made untrue representations with the intent that the plaintiff would act on them, nor is there any indication that the plaintiff acted on any misrepresentations allegedly made by the defendants. Equitable estoppel was not properly raised in this case and did not preclude the defendants from pursuing their motions to dismiss.

◼ Finally, the plaintiff contends that the court erred in granting the defendants' motions to dismiss because he has been diligent and the defendants have not been prejudiced. The plaintiff's diligence and the prejudice to the defendants are not relevant. Whether a plaintiff's refiling of a cause of action is permitted is based on the language of section 13—217, which allows one refiling after a dismissal within one year of the dismissal or within the remaining period of limitations, whichever is longer. The second district recently determined it was error for a trial court to even consider the plaintiff's diligence in filing. (*Tuch v. McMillen* (1988), 167 Ill. App. 3d 747, 752.) Accordingly, we find that the factors of prejudice and due diligence are not relevant to our resolution of this appeal.

The trial court correctly granted the defendants' motions to dismiss because the second case filed in Kankakee County (No. 86—L—106) constituted an impermissible third filing of the plaintiff's cause of action. For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

WOMBACHER, P.J., and STOUDER, J., concur.