(No. 66325.—

# EDITH R. SUSLICK, Ex'r, Appellee, v. ROTHSCHILD SECURITIES CORPORATION *et al.*, Appellants.

*Opinion filed April 20, 1989.—Rehearing denied May 26, 1989.*

Bruce L. Wald, of Tishler & Wald, Ltd., of Chicago, for appellant Rothschild Securities Corporation *et al.*

James T. Nyeste, of Wildman, Harrold, Allen & Dixon, of Chicago, for appellant Leon F. Strauss.

Henry T. Synek, of Chicago, for appellee.

JUSTICE WARD delivered the opinion of the court:

As will be explained, the plaintiff, Edith Suslick, as executor of the estate of her late husband, Alvin Suslick, after the filing of five previous complaints, filed an action in the circuit court of Cook County to recover damages from the defendants, Rothschild Securities Corporation, L.F. Rothschild & Co., L.F. Rothschild, Unterberg, Towbin, and Leon Strauss, for allegedly fraudulent conduct in handling stock option trades on behalf of the plaintiff's decedent. On the defendants' motion, the trial court dismissed the action on the ground that it had not been brought within the five-year limitations period provided in section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—205). The appellate court reversed and remanded (164 Ill. App. 3d 589), and we granted the defendants' petition for leave to appeal under our Rule 315(a) (107 Ill. 2d R. 315(a)).

On May 20, 1980, the plaintiff, Edith Suslick, and her four children, Kenneth, Richard, Laura, and Janet, filed an action in the United States District Court for the Northern District of Illinois against the defendants seeking damages under Federal securities law. The complaint alleged that from July 1975 to July 1976, the defendants improperly handled numerous stock option trades on behalf of the late Alvin Suslick. The complaint charged the defendants violated section 17(a) of the Securities Act of

1933 (15 U.S.C. §77q(a) (1982)), section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b) (1982)), and Rule 10b—5 of the Securities and Exchange Commission. The district court granted the defendants' motion to dismiss, holding that there not being an applicable Federal statute of limitations (see *Parrent v. Midwest Rug Mills, Inc.* (7th Cir. 1972), 455 F.2d 123, 125), the action was barred by the three-year limitations period set out in section 13(d) of the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1977, ch. 121½, par. 137.13(D)), which relates to actions brought under section 10(b) of the Securities Exchange Act of 1934 and Rule 10b—5 of the Securities and Exchange Commission.

The plaintiff, this time as executor of her late husband's estate, filed an action on May 19, 1981, in the United States District Court for the Northern District of Illinois, complaining under Federal securities law and based on the same factual allegations made in the complaint filed in that court on May 20, 1980. This complaint also alleged that the defendants were "estopped" to assert the plaintiff's noncompliance with the three-year limitations period contained in section 13(D) (Ill. Rev. Stat. 1977, ch. 121½, par. 137.13(D)) because they "failed, denied and refused her *** information from which she *** could determine whether or not a cause of action existed." The plaintiff alleged that because of the defendants' conduct, she did not discover the facts underlying her cause of action until August of 1979, and therefore, the running of the limitations period was tolled until that date.

The district court, however, granted the defendants' motion to dismiss on the ground that the plaintiff's complaint was not filed within the three-year limitations period in section 13(D) (Ill. Rev. Stat. 1981, ch. 121½, par. 137.13(D)) and that the plaintiff had failed to allege sufficient facts which would toll the running of the statute.

Specifically, the court found that the plaintiff had failed to allege facts showing that the defendants attempted to conceal the information she sought by trick or contrivance. The court dismissed the action without prejudice and granted the plaintiff leave to file an amended complaint.

The plaintiff filed an amended complaint in the district court on June 21, 1982, adding a count based on common law fraud. The complaint also alleged that the defendants actively concealed from her the information underlying her cause of action until August of 1979, and therefore, the action was timely filed within the five-year limitations period set out in section 23 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 23 (now Ill. Rev. Stat. 1987, ch. 110, par. 13—215)). Section 23 stated:

"If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." Ill. Rev. Stat. 1981, ch. 83, par. 23.

On June 28, 1982, while the plaintiff's third action was pending in the Federal district court, she filed suit in the circuit court of Cook County against the defendants, making the same factual allegations she made in the action brought in the district court but basing the action on common law fraud.

The district court dismissed the plaintiff's Federal action on December 30, 1982, holding that count I of the complaint, based on violations of Federal securities law, was barred by the three-year limitations period set out in the Illinois Securities Law (Ill. Rev. Stat. 1981, ch. 121½, par. 137.13(D)). The court also found that the plaintiff had failed to allege sufficient facts to come within the exception set out in the above-quoted section 23 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83,

par. 23), which would toll the running of the limitations period in the Illinois Securities Law (Ill. Rev. Stat. 1981, ch. 121½, par. 137.13(D)). In reference to the plaintiff's pendent State-law claim, the court stated that "[s]ince plaintiff has no federal cause of action, her pendent state claim under Count II must fall. She does not have diversity of citizenship which would give us independent jurisdiction over this Count ***." The plaintiff filed a motion for reconsideration, which was denied on August 2, 1983. She then filed a notice of appeal with the United States Court of Appeals for the Seventh Circuit on August 11, 1983.

On September 14, 1983, the defendants moved to dismiss the plaintiff's State court action pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(3)) on the ground that another action involving the same subject matter between the parties was pending in the Federal court. The defendants also argued that the plaintiff's action should be dismissed under Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) because of the plaintiff's failure through improper delay to serve the defendants with process for 13 months following the filing of her complaint. On December 15, 1983, the circuit court granted the defendants' motion on the grounds asserted and dismissed the action, but apparently without prejudice as to the Rule 103(b) ground.

The Court of Appeals affirmed the dismissal of the plaintiff's Federal action on August 16, 1984. (*Suslick v. Rothschild Securities Corp.* (7th Cir. 1984), 741 F.2d 1000.) Thereafter, on November 16, 1984, the plaintiff filed this action in the circuit court of Cook County based on the same conduct set out in her complaint previously filed in the circuit court and founded on common law fraud. On the defendants' motion, the court dismissed the action on June 17, 1986, on the ground that

it was barred by the five-year limitations period provided by section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—205). The court did not, however, address the defendants' argument that the suit was barred under the doctrine of *res judicata*. The plaintiff appealed to the appellate court and the defendants cross-appealed on the issue of whether the plaintiff's action was barred under the doctrine of *res judicata*.

The appellate court reversed (164 Ill. App. 3d 589), holding that the plaintiff's action was not barred by section 13—205 (Ill. Rev. Stat. 1983, ch. 110, par. 13—205) on the ground that the limitations period was tolled pursuant to section 13—217 of the Code of Civil Procedure. That section provides:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction." Ill. Rev. Stat. 1983, ch. 110, par. 13—217.

The court held that the plaintiff's action was timely filed because it was brought within one year of the 7th Circuit's decision affirming the dismissal of the plain-

tiff's Federal action or, in the alternative, because it was filed within one year of the dismissal, on December 15, 1982, of the plaintiff's State court action filed on June 28, 1982. The court also affirmed the circuit court's order denying the defendants' motion to dismiss on the grounds of *res judicata*.

We judge that the appellate court erred in holding that the plaintiff's action filed in the circuit court on November 16, 1984, was timely filed under section 13–217 because it was filed within one year of the Court of Appeals' order affirming the district court's dismissal of the plaintiff's Federal action. In *Hupp v. Gray* (1978), 73 Ill. 2d 78, to which the appellate court made no reference, this court held that following a dismissal by a Federal district court for lack of jurisdiction, the one-year period for refiling under section 24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a), the predecessor to section 13–217, runs from the date of dismissal, not from the date of the affirmance of the dismissal by the Federal court.

Contrary to the plaintiff's assertions, it cannot reasonably be argued that, following the dismissal of the plaintiff's Federal action by the district court on December 30, 1982, the action was still "pending" in that court. The district court clearly dismissed count I of the action for failure to file within the applicable limitations period and count II for lack of jurisdiction. Simply because the defendants in their motion to dismiss plaintiff's action, which was filed in the circuit court on June 28, 1982, erroneously represented to that court that their action was still pending in Federal court does not mean that the limitations period under section 13–217 is extended to the date of the affirmance of the dismissal by the Federal Court of Appeals. Therefore, as this action was not filed in the circuit court until November 16, 1984, it was not, obviously, brought within one year

from the district court's order entered on August 2, 1983, denying the plaintiff's motion to reconsider its earlier order of dismissal.

The appellate court also erred in holding that the one-year deadline for refiling under section 13—217 began to run on December 15, 1983—the date of the dismissal of the plaintiff's action filed in the circuit court on June 28, 1982. The plaintiff's previously dismissed State court action is not the type of dismissal which gives rise to a right to refile under section 13—217. Although the record shows that the plaintiff's action was dismissed without prejudice by the circuit court under Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), the action was also dismissed, with prejudice, under section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(3)), on the ground that another action between the parties involving the same matter was pending in the Federal courts. The latter ground for dismissal is not of the type set out in section 13—217 which gives rise to a right to refile within one year.

In any event, even if the dismissal of the plaintiff's first State court action could be said to have given rise to a right to refile under section 13—217, the time for refiling under section 13—217 expired one year after the earlier dismissal of the 1981 Federal court action. This court has interpreted section 13—217 as permitting only one dismissal to serve as the predicate for refiling another action under that section. (*Gendek v. Jehangir* (1988), 119 Ill. 2d 338.) The plaintiff's action which was dismissed by the circuit court on December 15, 1983, was based on the same operative facts and founded upon the same theory of recovery as set out in this action. The plaintiff should not be allowed to use the dismissal of the previously dismissed action to, in practical effect, extend the period for refiling under section 13—217 be-

yond the date of the dismissal by the district court for lack of jurisdiction.

For the reasons given, the judgment of the appellate court is reversed and the circuit court's judgment dismissing the plaintiff's action is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*