**Eula LOCKE, as personal representative of Ralph C. Locke, Deceased, Plaintiff–Appellant,**

**v.**

**Julius BONELLO, M.D., G. Bruce Thow, M.D., and Robert B. Rowe, M.D., Defendants–Appellees.**

**No. 91–1036.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 4, 1991.

Decided June 22, 1992.

M. John Hefner, Jr. (argued), Heller, Holmes, Hefner & Eberspacher, Mattoon, Ill., for plaintiff-appellant.

Todd M. Tennant, James D. Cottrell (argued), Dobbins, Franker, Tennant, Joy & Perlstein, Champaign, Ill., for defendants-appellees.

Before MANION and KANNE, Circuit Judges, and WILL, Senior District Judge.[*]

KANNE, Circuit Judge.

In this case, we decide whether the Illinois statute of limitations for medical negligence actions is tolled by an appeal to the Illinois Appellate Court of an order of voluntary dismissal. Because we hold that the statute of limitations was tolled by the appeal, we reverse the district court's dismissal of the plaintiffs' complaint.

[*] Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation.

The plaintiffs, Ralph and Eula Locke, first filed a personal injury action in the Circuit Court of Champaign County, Illinois, against the defendants-appellees and the Carle Foundation Hospital on June 27, 1984. That suit was voluntarily dismissed by the plaintiffs on November 1, 1988. The defendants appealed from the order of voluntary dismissal, and argued that the state trial court had erred in failing to compel a settlement between the parties. The Illinois Appellate Court for the Fourth District affirmed the trial court's decision in an unpublished order, on June 28, 1989.

The defendants then petitioned the Illinois Supreme Court to review the case, but the court denied leave to appeal. Following the decision of that court, the Appellate Court issued its mandate on October 30, 1989, thereby relinquishing jurisdiction. On March 21, 1990, the plaintiffs brought this personal injury diversity action in federal court against the defendants. We must now decide whether the plaintiffs have met the requirements of the applicable Illinois statutes of limitations.

In Illinois, an action for medical negligence must be commenced within two years of the date of injury or the date the plaintiff should have, through the exercise of due diligence, discovered his injury. ILL. REV.STAT. ch. 110, ¶ 13–212. Illinois has enacted a statute which establishes a one-year grace period in which a plaintiff may file if his first cause of action is dismissed, or in certain other circumstances. That statute provides in relevant part that:

> In the actions specified in Article XIII of this Act ... if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, ... the plaintiff ... may commence a new action within one year or within the remaining period of limitation, whichever is greater....

ILL.REV.STAT. ch. 110, ¶ 13–217. Illinois has also provided by statute that a limitation period may be tolled if certain conditions are present. *See Illinois Bell Telephone Co. v. Allphin*, 60 Ill.2d 350, 326 N.E.2d 737, 741 (1975). The Illinois Tolling Statute reads as follows:

> Stay of Action. When the commencement of an action is stayed by injunction, order of court, or statutory prohibition, the time of continuance of the injunction or prohibition is not part of the time limited for the commencement of the action.

ILL.REV.STAT. ch. 110, ¶ 13–216.

The federal district court dismissed the plaintiffs' diversity action on the ground that their suit was barred by the Illinois statute of limitations for malpractice actions. *See* ch. 110, ¶ 13–212. The court reasoned that because the state court action was voluntarily dismissed on November 1, 1988, and the current action was not commenced until March 21, 1990, the plaintiffs had not filed within the one-year grace period established by ¶ 13–217.

The district court rejected the plaintiffs' argument that the ¶ 13–217 grace period was tolled by the defendants' appeal of the state court case. Instead, the district court found that the one-year grace period began to run on November 1, 1988, when the voluntary dismissal order was entered by the state court, and not on June 28, 1989, when the Appellate Court affirmed the order of voluntary dismissal.

In so ruling, the district court relied on two decisions of the Illinois Supreme Court, which held that an appeal from a dismissal by a plaintiff did not toll the applicable statute of limitations. *See Hupp v. Gray*, 73 Ill.2d 78, 22 Ill.Dec. 513, 382 N.E.2d 1211 (1978); *Suslick v. Rothschild Securities Corp.*, 128 Ill.2d 314, 131 Ill.Dec. 178, 538 N.E.2d 553 (1989).

The plaintiffs contend that *Hupp* and *Suslick* are inapplicable here. In *Hupp*, the plaintiffs first brought suit in federal district court, which dismissed their claims for lack of jurisdiction. This court then affirmed the dismissal. The plaintiffs then brought suit in state court within one year

of the decision of this court. The Illinois Supreme Court found that the plaintiffs had not met the one-year limitations period established by the predecessor to ¶ 13–217, because they had not filed within one year of the dismissal by the federal district court.

In *Suslick,* the plaintiffs first brought suit in the federal district court, which dismissed the action. As in *Hupp,* this court affirmed that decision, and the plaintiffs then brought suit in state court. The Illinois Supreme Court again held that the one-year period for refiling under ¶ 13–217 ran from the date of the district court's dismissal, not from the date of the affirmance of that dismissal by this court. *Id.* at 556. The Court reasoned that once a federal district court dismisses a case, the case is no longer pending in that court, even if it has been appealed. Thus, *Hupp* and *Suslick* hold that the one-year grace period established by ¶ 13–217 begins to run when the district court dismisses a case, not when any appeal is resolved.

Both *Hupp* and *Suslick* relied on *Sager Glove Corp. v. Continental Casualty Co.,* 37 Ill.App.2d 295, 185 N.E.2d 473 (1962) and *Giesler v. Benken,* 328 Ill.App. 357, 66 N.E.2d 313 (1946). In *Sager Glove,* the court held that the plaintiff's appeal of an adverse judgment did not toll the one-year grace period. 185 N.E.2d at 475. The court explained that the result was not unfair to the plaintiff because, when the original suit was dismissed, the plaintiff had two options: he could appeal or refile the suit within one year. *Id.; see also Giesler,* 66 N.E.2d at 314 ("the mere pendency of an appeal does not postpone the commencement date of the running of the statute [of limitations]").

Here the plaintiffs argue that *Hupp* and *Suslick* are distinguishable because the *defendants* appealed the voluntary dismissal

of the state court case. They argue that if we were to apply *Hupp* and *Suslick* where a defendant appeals from a voluntary dismissal we would give defendants in similar cases the opportunity to prevent plaintiffs from refiling in the district court because another Illinois statute bars a party from filing a second suit. *See* ILL.REV.STAT. ch. 110, ¶ 2–619(a)(3).

Paragraph 2–619(a)(3) requires that an action be dismissed if: "there is another action pending between the same parties for the same cause." ILL.REV.STAT. ch. 110, ¶ 2–619(a)(3). In *Seaboard Finance Co. v. Davis,* 276 F.Supp. 507 (N.D.Ill.1967), Judge Will applied ¶ 48(1)(c), the predecessor of ¶ 2–619, as a basis for dismissing the plaintiffs' suit. Before they filed the federal case, the *Seaboard* plaintiffs had filed a similar suit in California state court against the same defendants. Judge Will found that ¶ 48(1)(c) (2–619(a)(3)) required the dismissal of the repetitive federal suit. *Id.* at 517. *Seaboard* is of assistance here. In this case, the district court rejected the plaintiff's argument that *Hupp* and *Suslick* were distinguishable and found that the one-year period began when the voluntary dismissal order was entered.

■ The reasoning we find persuasive in *Seaboard* causes us to disagree with the district court. The plaintiffs' position is vindicated. Had they brought this suit while the state appeal was pending, their case would have been dismissed upon the motion of the defendants. Thus, as the plaintiffs' counsel emphasized at oral argument, if we were to blindly apply the holdings of *Hupp* and *Suslick,* we would give a defendant in this situation the keys to the courthouse.[1] A defendant can appeal the voluntary dismissal in the Illinois courts, while the one-year grace period expires. A plaintiff cannot bring suit in federal court while that appeal is pending because under

1. The defendants argue that the plaintiffs have waived the ¶ 2–619(a)(3) argument because it was not presented to the district court. Although the plaintiffs failed to raise their ¶ 2–619(a)(3) argument in their response to the defendants' motion to dismiss, we conclude that they have not waived this issue on appeal. The plaintiffs' counsel were clearly aware that ¶ 2–

619(a)(3) bars repetitious litigation. The district court would, however, have benefitted from a discussion of the ¶ 2–619(a)(3) issue. The plaintiffs' counsel did argue to the district court that *Hupp* and *Suslick* were distinguishable because the defendants appealed in the Illinois courts. We conclude that this was sufficient to preserve this argument for appeal.

¶ 2–619(a)(3) and *Seaboard* it will be dismissed *with prejudice.* Thus, the Illinois Supreme Court's decisions in *Hupp* and *Suslick* are inapplicable here.[2] In this case ¶ 2–619(a)(3), as interpreted by *Seaboard,* serves as a "statutory prohibition" under ¶ 13–216. Therefore, the one-year grace period was tolled while the defendants' appeal was pending in Illinois.

We must also consider the effect on this case, if any, of the abstention doctrine, which was not considered by the district court, but was raised at oral argument by counsel for the plaintiffs. We must decide whether, if the plaintiffs had filed suit while the state appeal was pending, the district court would have been required to apply the abstention doctrine and to stay the federal action pending resolution of the state appeal. If abstention had been appropriate, the plaintiffs' argument that they could not file the diversity case while the state appeal was pending would be considerably weakened.

As the Supreme Court noted in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the federal courts have a virtually unflagging obligation to exercise the jurisdiction given to them. *Id.* at 817, 96 S.Ct. at 1246. However, under the holding of *Colorado River,* if a case presents exceptional circumstances, "a federal court may abstain from exercising its jurisdiction and defer to the concurrent jurisdiction of a state court when there is a parallel state court action pending." *Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1306 (7th Cir.1988). Abstention under *Colorado River* is based upon considerations of " '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Id.* at 1307 (quoting *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246); *see also Hartford Cas. Ins. Co. v. Borg-War-*

*ner Corp.,* 913 F.2d 419, 425 (7th Cir.1990). Although the avoidance of duplicative litigation also supports abstention, abstention cannot be based merely upon the existence of a parallel state court proceeding. *Id.*

The district court is obligated under *Colorado River* to carefully consider several other factors in deciding whether to invoke abstention. *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47. These factors include: (1) the order in which the courts obtained jurisdiction of the cases; (2) the convenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the progress of the litigation; and (5) the law providing the rule of decision on the merits. *Rosser,* 864 F.2d at 1307.

Here we must decide whether abstention would have been appropriate had the plaintiffs filed their federal case while the appeal of the state court case was pending. The prospects for duplicative litigation would surely have increased if the diversity case had been filed during the pendency of the state appeal. Moreover, the state court appeal might have been decided in favor of the defendants. Thus, if the district court had proceeded with this case during the pendency of the state appeal it stood to waste its time and resources.

The additional factors listed in *Rosser* also support abstention. The first additional factor—the order in which the courts obtained jurisdiction—points toward abstention because the state court clearly obtained jurisdiction before the federal court. The fifth factor listed in *Rosser*—the law providing the rules of decision—favors abstention because Illinois state law governs actions for medical negligence. The other factors listed in *Rosser* do not counsel strongly against abstention. Thus, if the plaintiffs had filed their complaint during the pendency of the state appeal, the district court, in its discretion, might have found abstention appropriate. In *Rosser,*

---

**2.** In *Aetna Casualty and Surety Co. v. Kerr-McGee Chemical Corp.,* 875 F.2d 1252, 1255 (7th Cir.1989), we noted that we have not decided whether ¶ 2–619(a)(3) applies in diversity cases in federal court under the Rules of Decision Act, 28 U.S.C. § 1652 and *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188

(1938). As we noted in *Aetna Casualty,* many district courts in this circuit have applied ¶ 2–619(a)(3), relying on Judge Will's analysis in *Seaboard.* 875 F.2d at 1255 (citing cases). In any event, neither party has raised the *Erie* issue, so we do not decide it today.

we noted that the district court should not dismiss the federal action but should stay the litigation pending resolution of the state court case. 864 F.2d at 1308–09; *see also Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 698 (7th Cir.1985). In sum, the district court might have elected to abstain by staying the proceedings pending resolution of the state court appeal.

Our abstention analysis weakens the plaintiffs' argument that had they filed this case while the state court appeal was pending, the district court would have been required to dismiss it. Nevertheless, we do not feel that our abstention analysis is dispositive because the plaintiffs could not have predicted that a federal district court would follow the abstention doctrine and stay the federal proceedings pending the resolution of the state court litigation. The plaintiffs were aware that ¶ 2–619(a)(3) required dismissal of repetitive suits and were apparently aware that the federal courts had applied that paragraph. Under *Seaboard*'s reasoning, which we adopt, the plaintiffs were barred by ¶ 2–619 from filing this case until the state court appeal was resolved. Therefore, the commencement of the action in federal court was stayed by a statutory prohibition under ¶ 13–216. Accordingly, we hold that the one-year grace period provided in ¶ 13–217 was tolled by the defendants' appeal of the state court case.[3]

We REVERSE the judgment of the district court dismissing the plaintiffs' complaint.

---

3. *Indiana Lumbermans Mutual Insurance Co. v. Specialty Waste Services, Inc.*, 774 F.Supp. 525 (C.D.Ill.1991) is not to the contrary. The *Indiana Lumbermans* court held that under *Colorado River* ¶ 2–619 should no longer be applied by federal district courts. In support of its holding, the court quoted this language from *Colorado River*: "[g]enerally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....'" 774 F.Supp. at 527 (quoting 96 S.Ct. at 1246, 424 U.S. at 818 (quoting in turn *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 504–505, 54 L.Ed. 762 (1910))). Although no party has raised this issue, we cannot see why this general statement by the Supreme Court necessarily requires federal courts to disregard paragraph 2–619(a)(3). In *Colorado River*, the Supreme Court did not discuss the validity of any particular state statute, or ¶ 2–619(a)(3).