(No. 93-CC-0499– )

WILLIAM A. KROLL, Claimant, *v.* ATHLETIC ASSOCIATION OF THE UNIVERSITY OF ILLINOIS and NEALE R. STONER, Respondents.

*Opinion filed August 22, 1995.*
*Order of Dismissal filed August 28, 1997.*

MARVIN GERSTEIN, for Claimant.

JAMES E. RYAN, Attorney General (CHARLES R. SCHMA-DEKE, Assistant Attorney General, and EDWARD RAWLES, of counsel), for Respondent.

## OPINION

JANN, J.

This cause comes on to be heard on Respondent's motion to dismiss and Claimant's response thereto. The Court being fully advised in the premises finds:

1. Respondent's motion to dismiss as to count II, breach of employment contract, is denied. Neale Stoner is named in count I in his official capacity as athletic director and a fair reading of the remainder of the complaint clearly indicates that Stoner is named in his official capacity as a university employee.

2. Respondent's motion to dismiss counts I and III for failure to file within the statutory limitation period is granted. Claimant's original action was filed in United States District Court. That action was "ultimately dismissed" (per Claimant's response) on July 22, 1991, by

the Seventh Circuit Appellate Court for lack of jurisdiction. Claimant filed in the Court of Claims on September 21, 1992. The cause of action arose June 1, 1988, per Claimant's complaint. Pursuant to section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217):

"* * * if * * * the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after * * * the action is dismissed by a United States District Court for lack of jurisdiction."

Claimant failed to file within one year of the original dismissal by the United States District Court and is thereby time barred before the Court of Claims. (See *Suslick v. Rothschild Securities Corp.* (1989), 131 Ill. Dec. 178, 128 Ill. 2d 314, 538 N.E.2d 553 and *Raper v. St. Mary's Hospital* (1989), 130 Ill. Dec. 131, 181 Ill. App. 3d 379, 536 N.E.2d 1342.) Claimant cited *Raper* for the proposition that 735 ILCS 5/13—217 applies to this cause. However, *Raper* further states that the appropriate starting date for measuring the one year period was the date of the Federal court order dismissing plaintiff's complaint, not the date of the Federal court order concluding the entire matter. *Suslick, supra,* found that a State court action was not timely filed because it was filed within one year of the Sixth Circuit Court of Appeals order affirming the district court's dismissal and that the one year period ran from the date of dismissal, not the date of affirmance of dismissal by a Federal appellate court.

This cause is hereby returned to the Commissioner's docket for further proceedings on count II.

## ORDER OF DISMISSAL

This matter coming on to be heard on the parties' joint motion to dismiss, and the Court being advised the

above matter has been resolved by settlement, it is hereby ordered that the above cause be dismissed with prejudice, each party to pay its own costs.