MELVIN WADE, Plaintiff-Appellant, v. OSCAR L. BYLES *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—97—2009

Opinion filed March 5, 1998.

Kevin B. Rogers, of Chicago, for appellant.

546

Stellato & Schwartz, Ltd., of Chicago (Esther Joy Schwartz, David S. Wayne, and Donald E. Stellato, of counsel), for appellees.

JUSTICE WOLFSON delivered the opinion of the court:

■ Section 13—217 of the Civil Practice Law provides that a cause of action that is dismissed by a United States District Court judge for lack of jurisdiction must be refiled within one year from the date of dismissal. See 735 ILCS 5/13—217 (West 1992 & Supp. 1997). The statute contains no tolling provision for the time the dismissal is being appealed. The issue here is whether the statute means what it says.

In this case, the plaintiff filed a three-count complaint against the defendants on September 28, 1992, in the United States District Court for the Northern District of Illinois. It alleged violations of 42 U.S.C. § 1983 (1988) and various state law claims. On May 25, 1995, the district court judge granted the defendants' motion for summary judgment on the Civil Rights Act claim and dismissed the state law claims for lack of federal supplemental subject matter jurisdiction. See *Wade v. Byles*, 886 F. Supp. 654 (N.D. Ill. 1995).

The plaintiff then chose to appeal the district court's decision to the United States Court of Appeals for the Seventh Circuit. The trial judge's decision was affirmed on May 13, 1996. See *Wade v. Byles*, 83 F.3d 902 (7th Cir. 1996). The United States Supreme Court denied the plaintiff's petition for *certiorari* on October 15, 1996. See *Wade v. Byles*, 519 U.S. 935, 136 L. Ed. 2d 227, 117 S. Ct. 311 (1996).

Then, on November 1, 1996, almost a year and a half after the dismissal in the federal district court, the plaintiff filed a seven-count complaint in the circuit court of Cook County. That complaint was based on the same acts alleged in the district court.

The trial judge dismissed the complaint as time barred pursuant to section 2—619(a)(5). See 735 ILCS 5/2—619(a)(5) (West 1992). This appeal followed. Reviewing this case *de novo*, as we must (see *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113, 649 N.E.2d 1323 (1995)), we affirm the trial judge.

The plaintiff contends the one-year requirement was tolled during the pendency of the federal appellate process. This issue has been decided twice by our supreme court. In *Hupp v. Gray*, 73 Ill. 2d 78, 382 N.E.2d 1211 (1978), and again in *Suslick v. Rothschild Securities Corp.*, 128 Ill. 2d 314, 538 N.E.2d 553 (1989), the supreme court held the language of section 13—217 and its virtually identical predecessor (Ill. Rev. Stat. 1977, ch. 83, par. 24(a)) is clear: there is no tolling while a case dismissed for lack of jurisdiction is on appeal. It follows here that once the district court judge dismissed the plaintiff's action

it no longer was "pending," appeal or not. See also *Sager Glove Corp. v. Continental Casualty Co.*, 37 Ill. App. 2d 295, 185 N.E.2d 973 (1962).

■ To avoid the operation of section 13—217, the plaintiff refers us to section 13—216, which provides that when "the commencement of an action is stayed by *** statutory prohibition, the time of the *** prohibition is not part of the time limited for the commencement of the action." 735 ILCS 5/13—216 (West 1992).

■ What is the "statutory prohibition"? The plaintiff says it is contained in section 2—619(a)(3), which provides for dismissal when another action is pending between the same parties for the same cause. The plaintiff cites *Locke v. Bonello*, 965 F.2d 534 (7th Cir. 1992), in support of his position.

■ First, we note we are bound to follow Illinois Supreme Court decisions, not federal appellate authority. See *SK Handtool Corp. v. Dresser Industries, Inc.*, 246 Ill. App. 3d 979, 619 N.E.2d 1282 (1993).

Second, we are unwilling to say the supreme court was not aware of section 13—216 and its predecessor when it decided *Hupp* and *Suslick*. After all, the two statutes are right next to each other in the Civil Practice Law.

The decision in *Locke* does not apply here anyway. In *Locke*, the defendant appealed from the plaintiffs' voluntary dismissal of their action, contending the trial court erred in failing to enforce a settlement agreement between the parties. The court was concerned about giving the defendant the "keys to the courthouse." *Locke*, 965 F.2d at 536. That is, to enforce section 13—217 under these circumstances would allow the losing defendant to defeat the plaintiffs' Illinois cause of action unless they refiled within a year of the district court dismissal. That would give the defendant control of the plaintiffs' lawsuit.

The problem the court saw in *Locke* does not exist here. The plaintiff had control of his own lawsuit and was free to file it in the Illinois courts whenever he wished. The plaintiff chose to wait, trusting in his federal appeal. It turned out to be a bad decision. He is left without a remedy, consistent with the obvious purpose of section 13—217—to put an end to litigation. See *Sepmeyer v. Holman*, 162 Ill. 2d 249, 256, 642 N.E.2d 1242 (1994).

■ The plaintiff asks us to play out the scenario: if he had refiled within one year the defendants would have moved to dismiss, based on section 2—619(a)(3) ("another action pending between the same parties for the same cause") (735 ILCS 5/2—619(a)(3) (West 1992)), and the trial judge would have granted it, depriving the plaintiff of his cause of action. We do not claim such prescience. We will not

speculate on what motion the defendants would have filed and what ruling the trial judge would have made, although we do note section 2—619(a) authorizes a trial judge to grant "other appropriate relief" as an alternative to dismissal. A stay, perhaps. See *A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill. 2d 245, 252, 419 N.E.2d 23 (1980) ("dismissal is not mandated or the only form of relief afforded by that statute").

At any rate, our duty is to read statutes as written (see *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189, 561 N.E.2d 656 (1990)) and to follow the decisions of the Illinois Supreme Court. That duty leads inexorably to our conclusion that the trial judge was right when he dismissed the plaintiff's lawsuit. We affirm.

Affirmed.

CERDA, P.J., and McNAMARA, J., concur.